The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Lucas D. MERKLIN, Defendant–Appellant.**

No. 02CA0422.

Colorado Court of Appeals, Div. IV.

Oct. 9, 2003.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jennifer L. Mann, Deputy State Public Defender, Mandarin A. Bowers, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Lucas D. Merklin, appeals the judgment of conviction entered upon a jury verdict finding him guilty of violation of a restraining order imposed under § 18–1–1001, C.R.S.2002. We affirm.

The charges arose from defendant's unauthorized contact with the victim. Defendant was sentenced to nine months in Adams County Jail.

## I.

Defendant argues that the trial court violated his rights to due process, equal protection, and a fair and impartial trial by allowing the jury to question witnesses during trial. We disagree.

In *People v. Milligan*, 77 P.3d 771 (Colo. App. No. 01CA0435, Jan. 30, 2003), a division of this court held that the trial court's implementation of a supreme court pilot project allowing jurors to submit written questions to witnesses was not structural error warranting reversal. The procedures did not violate the defendant's due process and equal protections rights. We find the analysis persuasive and follow it here.

The division in *Milligan* noted that every federal appellate court to consider this issue has upheld the decision to allow juror questioning as within the trial court's sound discretion. *See, e.g., United States v. Richardson*, 233 F.3d 1285 (11th Cir.2000); *United States v. Collins*, 226 F.3d 457 (6th Cir.2000); *United States v. Hernandez*, 176 F.3d 719 (3d Cir.1999). Additionally, *Milligan* observed that the majority of the states to consider this issue has permitted jurors to ask witnesses questions. *See United States v. Richardson, supra* (collecting decisions from twenty-five states approving the practice).

A few states have disapproved the practice. *See, e.g., State v. Williamson,* 247 Ga. 685, 279 S.E.2d 203 (1981)(disapproving jurors' questions to witnesses, but concluding reversal not required because the defendant did not object); *State v. Zima,* 237 Neb. 952, 468 N.W.2d 377 (1991)(disapproving practice, but concluding reversal not required because the defendant argued against prosecution's motions for mistrial and thereby invited error). Only Minnesota and Texas have refused to apply harmless error analysis and concluded that reversal is required. *See State v. Costello,* 646 N.W.2d 204 (Minn. 2002); *Morrison v. State,* 845 S.W.2d 882 (Tex.Crim.App.1992).

Here, the jurors posed eighteen questions to the five witnesses who testified at trial. The questions were factual and specific. *See United States v. Sutton,* 970 F.2d 1001 (1st Cir.1992)(no abuse of discretion where questions few in number and bland in character). The questions were submitted in writing and were first discussed outside the presence of the jury. *See United States v. Bush,* 47 F.3d 511 (2d Cir.1995)(jurors should be instructed to submit their questions in writing to the judge; outside the presence of the jury, the judge should review the questions with counsel, who may then object; and the court itself should put the approved questions to the witnesses). Additionally, the trial court instructed the jury that it could not consider or draw any inferences from any questions to which the parties had objected. *See People v. Wiley,* 51 P.3d 361 (Colo.App.2001)(absent a contrary showing, we presume jury understood and heeded trial court's instructions).

Additionally, here, as in *Milligan,* the trial court gave the following instructions about the pilot project:

> As far as the questions are concerned ... I will ask the jurors, "do any of you have any questions of this witness." If you do, write down your question, pass it down to the end, [the bailiff] will pick it up.... I will talk to both of the attorneys about the questions ... so that we know what the question is so we can determine whether-or-not we believe it is an appropriate question based on the Rules of Evidence and Rules of Procedure.... If the attorneys

have additional questions based on your question, I will allow them to ask it.... If it's a question that cannot be asked, I will simply say, "I'm sorry, this is a question we cannot ask based on the Rules of Evidence" and I don't want you to assume anything by my not asking them a question.

Defendant did not present any evidence in the record that shows that the juror questioning process prejudiced him or resulted in an unfair trial. *See United States v. Richardson, supra* (the defendant neither presented evidence of prejudice resulting from juror questions nor showed abuse of discretion). While it is true that defendant was not told about the proposed process until the first day of trial, defendant has not shown that the delayed notice hindered his trial preparation or strategy. *See United States v. Collins, supra* (the defendant did not state how juror questions undermined trial strategy).

We therefore find no error in the trial court's decision to allow the juror questions.

## II.

▇ Defendant next contends that the trial court erred in admitting evidence of other acts under CRE 404(b). We conclude that the evidence was admissible as res gestae.

▇ A trial court has considerable discretion to determine whether evidence has logical relevance. *People v. Saiz,* 32 P.3d 441 (Colo.2001). A trial court's evidentiary ruling will not be disturbed on appeal absent an abuse of discretion. Abuse of discretion occurs when the trial court's ruling is manifestly arbitrary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987).

CRE 404(b) bars evidence of other crimes, wrongs, or acts for the purpose of proving the character of the person to show that he acted in conformity therewith.

▇ However, evidence of other offenses "may be needed for the fact finder to understand the context in which the alleged crime occurred." *People v. Czemerynski,* 786 P.2d 1100, 1109 (Colo.1990). Evidence of criminal conduct that occurs "contemporane-

ously with or is part and parcel of the crime charged is considered part of the res gestae of that offense, and consequently is not subject ... to the general rule that excludes evidence of prior criminality." *People v. Czemerynski, supra,* 786 P.2d at 1109 (quoting *Callis v. People,* 692 P.2d 1045, 1051 n. 9 (Colo.1984)). Res gestae evidence is admissible if it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice. *See People v. Czemerynski, supra.*

The prosecutor stated that the victim would testify that "she had received numerous phone calls" from defendant. Defense counsel objected that there had been no motion to elicit uncharged misconduct evidence under CRE 404(b). The trial court ruled that reference to phone calls that were the basis for the restraining order was CRE 404(b) evidence, specifying that only the phone calls and contact that formed the basis of the charges here should be discussed.

However, one of the juror's questions submitted to the court asked, "Why did [the victim] not call the police if she feared him so much after the phone call on March 22, 2001?" Another juror asked, "Why did you wait 12 days to report the phone calls?" And, a third juror asked, "Why did you continue talking to him instead of hanging up?"

During an in camera hearing, the victim said that she delayed telling police about the March 22 telephone call because she had contacted the police several times before and it seemed like "another straw on the camel's back."

Ultimately, the court allowed the jurors' questions for the purpose of showing the victim's state of mind. However, the questions were also appropriate in the context of res gestae.

As was the case in *People v. Czemerynski,* here, the victim testified regarding prior telephone calls made by defendant. The jurors' questions indicated their need to understand why the victim did not immediately report the calls, and the calls leading up to the crime thus were part of the scenario and necessary to explain the setting in which it occurred. *See People v. Lobato,* 187 Colo.

285, 530 P.2d 493 (1975)(no error committed by permitting jury to view criminal episode in context in which it happened).

The victim's testimony about these calls was admissible res gestae evidence. We thus find no abuse of discretion in the trial court's decision to admit this evidence.

### III.

■■■ Defendant argues that the trial court erred in taking judicial notice of a municipal court order after the close of evidence. Defendant concedes that a trial court has authority to recognize the existence of another court under CRE 201; however, he argues that the circumstances under which the trial court took judicial notice violated his rights to due process and a fair trial. We disagree.

Under CRE 201(b), a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" and are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may take judicial notice at any stage of the proceedings whether requested or not. *See* CRE 201(c), (f).

During an instruction conference, the court proposed two supplemental instructions defining "municipal court" and "restraining order."

The following instruction was given to the jury: " 'Municipal Court' means the duly constituted court of any city in the State of Colorado, and includes the city of Westminster, Colorado." Defense counsel also objected to the use of the words "the duly constituted Court in the City of Westminster," arguing that they implied that the prosecution had proved the element of the offense relating to the Westminster Municipal Court.

When the prosecutor asked the court to take judicial notice of the municipal court case, the clerk's file, and the information regarding the trial date and the victim's subpoena, defense counsel objected, stating, "[T]he Court is well aware that judicial notice is to be limited to issues that are not in

dispute. These are material elements of the offense and the prosecution needs to prove them and not with judicial notice."

The trial court responded, "The Court can take judicial notice of the Court's file and the Court will take judicial notice of this Court's file." In addition, the trial court sua sponte took judicial notice of the fact that the City of Westminster is a home rule city, and its court was constituted as a municipal court. That the Westminster City Court was a municipal court was a matter of general knowledge within the jurisdiction and was capable of accurate confirmation through sources known to the trial court. It was therefore a matter that should not have been disputed.

When asked whether she knew which courts entered the restraining orders, the victim responded, "Through Jefferson County, Westminster Municipal and Adams County." Defense counsel did not object. Further, the restraining order issued by Westminster Municipal Court was admitted into evidence, and the victim identified it as such.

■ Defendant argues that in taking judicial notice, the trial court exhibited bias. We do not dispute that a trial court should act impartially. *See People v. Hrapski,* 718 P.2d 1050 (Colo.1986). However, we note that defendant never moved to disqualify the judge, and there is no evidence that the trial court acted partially or was unfair to either party. Additionally, we cannot say that the trial court's decision to take judicial notice substantially influenced the verdict or impaired the fairness of the trial. *See People v. Gaffney,* 769 P.2d 1081 (Colo.1989)(harmless error standard).

Based on our analysis, we likewise reject defendant's argument that the trial court erred in instructing the jury on the definition of a municipal court and so eliminating the prosecution's burden of proof as to an element of the offense of violation of a municipal restraining order. *See People v. Jurado,* 30 P.3d 769 (Colo.App.2001)(upon review, we consider the entire record, including the jury instructions as a whole and the evidence and arguments presented at trial).

IV.

■ Defendant contends the trial court erred in providing the jury with an instructional definition that informed the jury about a previously charged offense involving the victim, when there was no evidence that defendant previously had been charged criminally for misconduct against the victim. We are not persuaded.

■ A court has a duty to instruct the jury fully on every issue presented, whether or not requested to do so. *People v. Mackey,* 185 Colo. 24, 521 P.2d 910 (1974). In determining the propriety of any one instruction, the instructions must be considered as a whole, and if they properly instruct the jury as a whole, there is no error. *People v. Lewis,* 710 P.2d 1110 (Colo.App.1985).

Here, the trial court sua sponte submitted a jury instruction stating, "C.R.S. 18-1-1001—Mandates that a restraining order shall issue against any person charged with any criminal violation listed in Title 18 of the Colorado Revised Statutes prohibiting the person so charged from harassing, molesting, intimidating, retaliating against or tampering with any witness or victim of the acts charged."

The trial court rejected defense counsel's offer to stipulate that the restraining order was issued pursuant to § 18-1-1001. Defense counsel objected to the instruction, arguing that it implied conduct that was prohibited under CRE 404(b). The trial court disagreed, noting that it had taken judicial notice of the Adams County Court case that had been the basis for the restraining order and that defendant had not objected on CRE 404(b) grounds.

Here, the instruction complained of is a correct statement of law. *See People v. Lewis, supra* (where instruction explaining "exercise control" element of theft correctly stated law and defined element, trial court did not err in giving instruction); *see also* § 18-1-1001. Additionally, the instruction did not provide the jury with information about the charges or details of the alleged crime that was the basis of the county court case. The instructions as a whole properly instructed the jury, and we thus find no error.

## V.

 Last, defendant contends that the trial court's refusal to give his tendered theory of the case instruction constitutes reversible error. We disagree.

A defendant is entitled to an instruction on his theory of the case if there is any record evidence to support it. However, a trial court may refuse an instruction if it is argumentative, unduly emphasizes particular evidence, or contains statements not supported by the evidence. The court is not required to instruct the jury on the defendant's theory in the particular language tendered by the defendant. *See People v. Baird*, 66 P.3d 183 (Colo.App.2002). Nor need the trial court act as an advocate for either party by crafting instructions embodying its theory of the case. *People v. Garcia*, 28 P.3d 340 (Colo.2001).

Defendant's proposed instruction stated,

[Defendant] asserts that he is not guilty of Violation of a Restraining Order or Bribing a Witness because he did not contact [the victim] on March 22, 2001 or April 3, 2001. On April 3, 2001, [defendant] asserts that he was at work, with his father, and with friends during the period of time that [the victim] claims he was following her in her neighborhood.

The trial court rejected the instruction because it was simply a denial of the charge. The court further stated that defendant had not put on evidence showing he was in a place where he could not have committed the offense.

Here, as the trial court concluded, the first sentence of the instruction merely denies the charge. The second sentence purports to be an alibi; however, the testimony at trial did not indicate that defendant was in a different place at the relevant time so as to make it impossible for him to be guilty. *See People v. Huckleberry*, 768 P.2d 1235, 1238 (Colo.1989)(quoting *Black's Law Dictionary* 66 (5th ed.1979), the defense of alibi is "[a] defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party"). Rather, defendant's three witnesses were unable to recall the exact dates and times defendant allegedly was with them.

Further, defendant was not precluded from presenting his theory of the case during closing argument. *See People v. Dore*, 997 P.2d 1214 (Colo.App.1999)(in determining whether the jury has been adequately informed of the defendant's theory of defense, the court may consider whether defense counsel's closing argument fairly represented his theory to the jury). Rather, he argued that "you know now that [defendant] was with his dad" and, "You may not know for sure what time but you know he was there and also with his friends at some point before dark and went to the grocery store and spent about an hour there. . . ."

We therefore conclude that the trial court properly rejected defendant's instruction.

The judgment is affirmed.

Chief Judge DAVIDSON and Judge NIETO concur.