2013 COA 68

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Eric Marcus DOYLE, Defendant– Appellant.**

**Court of Appeals No. 11CA1786**

Colorado Court of Appeals, Div. VI.

Announced May 9, 2013

El Paso County District Court No. 11CR685, Honorable David L. Shakes, Judge

John W. Suthers, Attorney General, Jillian J. Price, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Adam Mueller, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE DUNN

¶ 1 Defendant, Eric Marcus Doyle, appeals the judgment of conviction entered on a jury verdict finding him guilty of violating a condition of his bail bond. We affirm.

## I. Background

¶ 2 Doyle was arrested and charged with theft and conspiracy to commit theft stemming from his involvement in an attempt to sell a water pump to a scrap metal processor. After Doyle was booked into jail, he posted a $3,000 bond. As a condition of his bond, he was required to appear in court on March 8, 2011. Doyle failed to appear on that date. The prosecution then added a charge against Doyle for violation of a bail bond condition pursuant to section 18–8–212(1), C.R.S.2012.

¶ 3 On the morning of trial, Doyle requested that the bond violation charge be considered separately from the theft and conspiracy charges. The trial court granted the request, and ruled that the jury could hear additional evidence after it considered the theft and conspiracy to commit theft charges.

¶ 4 The jury acquitted Doyle on the first two charges. The trial court then told the jury, "[T]here is an additional charge [against Doyle] that we will receive evidence on and you will need to reach a verdict on."

¶ 5 With respect to the bond violation charge, both parties waived opening statement and the prosecution offered a single exhibit. Included in the exhibit were certified copies of (1) Doyle's appearance bond, which stated that Doyle's personal appearance in court on March 8, 2011 was "the primary condition" of his bond, (2) a waiver of extradition, signed by Doyle and notarized by a deputy sheriff, and (3) a notice of bail forfeiture directed to Doyle's surety company, notifying the surety that "on 03/08/2011

because of [Doyle's] failure to appear in accordance with the primary condition of the bond, the court ordered that the bond ... in the amount of $3,000.00 be forfeited."

¶ 6 Defense counsel did not object to any of the certified documents in the prosecution's exhibit, stating that the documents were "self-authenticating." The trial court admitted the exhibit.

¶ 7 The prosecution then asked the court to take judicial notice of the court file in Doyle's case, specifically that Doyle "was accused by information of the commission of the offense of theft and conspiracy to commit theft and that [he] failed to appear on March 8th of 2011 when called upon to appear by the Court." Defense counsel objected, arguing that the prosecution was asking the court to "take judicial notice of things that are of reasonable dispute."

¶ 8 The trial court orally instructed the jury as follows:

A judicially noticed fact is one which the Court determines is not subject to reasonable dispute and which the court has accepted as being true. You may or may [not] accept this fact as true. You may weigh it as you would any other evidence, and in this case I do take judicial notice of the following two facts: The defendant, [Doyle] was accused of theft and conspiracy to commit theft in the Information 11CR685; and he was required to appear in court on March 8, 2011, and failed to appear.

¶ 9 The prosecution presented no further evidence. After closing arguments, the jury was again instructed that it "may or may not accept [a judicially noticed fact] as true," and could weigh a noticed fact as it would any other evidence.

¶ 10 The jury found Doyle guilty of violating a condition of his bail bond.

## II. Judicial Notice

■ ¶ 11 Doyle contends that the trial court abused its discretion in taking judicial notice of the facts contained in its file. We disagree.

¶ 12 A court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." CRE 201(b)(2); *see* Fed. R.Evid. 201 advisory committee's note ("Adjudicative facts are simply the facts of the particular case."). Court records are recognized as sources whose accuracy cannot reasonably be questioned, and thus, a court may generally take judicial notice of them. *People v. Linares–Guzman*, 195 P.3d 1130, 1135–36 (Colo.App.2008); *see also People v. Sa'ra*, 117 P.3d 51, 56 (Colo.App.2004) (a court may take judicial notice of the contents of court records in a related proceeding); Chief Justice Directive 05–01 (providing that a "court record" includes "any document, information, or other item that is collected, received, or maintained by a court or clerk of court in connection with a judicial proceeding," and includes the court's register of actions or minute orders).

¶ 13 Although Doyle suggests that the facts noticed by the court are subject to reasonable dispute, Doyle does not argue that the court's file is a source whose accuracy can reasonably be questioned. *See* CRE 201(b). Nor does Doyle dispute that a court may take judicial notice of its own records, or that, here, the court record contained documents supporting each fact that the court judicially noticed. Specifically, the trial court's record contained:

1. The felony information accusing Doyle of the two substantive counts;

2. Doyle's appearance bond, which required him to appear in court on March 8, 2011;

3. The notice of bail forfeiture stating that Doyle did not appear on March 8, 2011; and

4. The court's minute order dated March 8, 2011 which reflects that Doyle failed to appear that day.

¶ 14 Although Doyle was free to, and did, dispute the inferences to be drawn from the noticed facts, that does not mean the facts were improperly noticed. Because the noticed facts all came from the trial court's own file, and nothing in the record suggests that the court file was inaccurate or subject to reasonable dispute, the trial court did not abuse its discretion in taking judicial notice of its records and the facts reflected in the records.

¶ 15 Doyle also asserts that a court may not take notice of a defendant's mental state and whether he acted knowingly. While that may be true, it does not change our analysis because the trial court did not take judicial notice of Doyle's mental state. Nothing in the noticed facts prohibited Doyle from presenting argument, or introducing evidence, regarding any of the charged elements, including Doyle's mental state. Indeed, the trial court expressly noted that the jury still needed to determine the mens rea issue, namely, whether Doyle had "knowingly" violated a condition of his bail bond. *See* § 18–8–212(1) (a person commits the crime of violation of bail bond conditions, a class 6 felony, if, after being released on bail bond, he "knowingly violates the conditions of the bail bond").

¶ 16 Accordingly, the trial court did not abuse its discretion in judicially noticing the facts contained in its own file.

## III. Due Process

¶ 17 We do not agree with Doyle's contention that, by taking judicial notice of certain facts, the trial court "effectively directed a verdict" against him, in violation of his constitutional right to due process.

¶ 18 The Sixth Amendment guarantees a defendant the opportunity to have a jury decide his guilt or innocence. *Duncan v. Louisiana*, 391 U.S. 145, 149–50, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). It is the jury that determines whether the prosecution has proven every element of the charged crime beyond a reasonable doubt. *See, e.g., Griego v. People*, 19 P.3d 1, 7 (Colo.2001). To that end, a court may not direct a verdict for the prosecution in a criminal case, even if the evidence of guilt is overwhelming. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572–73, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). Likewise, to instruct a jury that a fact essential to a crime has been established—as a matter of law—deprives a jury

of its essential fact finding role, and thus, is constitutionally impermissible. *See, e.g., United States v. Mentz*, 840 F.2d 315, 320 (6th Cir.1988); *see also* 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5111 (2d ed.2012).

¶ 19 CRE 201(g), however, expressly preserves a jury's fact finding role in criminal cases. Unlike in the civil context, a judicially noticed fact is neither conclusively established nor binding in a criminal case. *Cf.* CRE 201(g) ("In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed."); *Conrad v. City Cnty. of Denver*, 656 P.2d 662, 677 (Colo.1982) ("Any fact judicially noticed is deemed conclusively established in a civil case."). Rather, in criminal cases, CRE 201(g) does nothing more than allow a jury to accept or reject a noticed fact. CRE 201(g) ("In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."); *United States v. Jones*, 580 F.2d 219, 224 (6th Cir.1978) (in criminal context, Fed.R.Evid. 201 allows a jury to "ignore even uncontroverted facts in reaching a verdict").[1] Thus, in a criminal case, if a court properly instructs a jury regarding a judicially noticed fact, a defendant's Sixth Amendment rights are adequately protected. *See, e.g., United States v. Bello*, 194 F.3d 18, 25 (1st Cir.1999) ("[T]here is widespread agreement that [Fed. R.Evid.] 201(g), which makes judicial notice non-conclusive in criminal cases, adequately safeguards the criminal defendant's Sixth Amendment right to a trial by jury."); *Jones*, 580 F.2d at 224 (Fed.R.Evid.201(g) preserves the jury's "traditional prerogative").[2]

■ ¶ 20 Because a jury is free to reject any noticed fact, it matters not that the noticed fact relates to an essential element of the charged crime. *See Massey v. People*, 649 P.2d 1070, 1073 (Colo.1982) (judicial notice is not rendered improper merely because the taking of such notice has the effect of establishing an element of a criminal offense); *People v. Merklin*, 80 P.3d 921, 926

(Colo.App.2003) (trial court did not err in taking judicial notice of the fact that the Westminster City Court was a municipal court in case where the defendant was charged with violation of a municipal restraining order); *see also Person v. Miller*, 854 F.2d 656, 660 (4th Cir.1988) (in a contempt proceeding, no abuse of discretion where court judicially noticed its own prior order that the defendants were accused of violating).

¶ 21 The trial court here did not direct the jury to accept as true the judicially noticed facts. Indeed, there is no dispute that the trial court properly instructed the jury—both orally and in writing—that it could accept or reject the judicially noticed facts. The trial court also instructed the jury that it could weigh the noticed facts as it would any other piece of evidence. Accordingly, the court did not usurp the jury's fact finding function, and Doyle's due process rights were not violated.

## IV. Bias

■ ¶ 22 Doyle also argues that, by taking judicial notice of its files, "the trial court made itself a witness and injected its own credibility into the case." We do not agree.

■ ¶ 23 Beyond asserting that the trial court made itself a witness in the case, and loosely questioning the court's impartiality, Doyle presents no actual evidence that the trial court acted as a witness or was anything but impartial. Nor does Doyle cite any authority for the proposition that a trial court becomes a witness simply by taking judicial notice of a fact under CRE 201. Doyle's partiality argument, in essence, amounts to disagreement with the court's decision to judicially notice certain facts. But a court's unfavorable ruling, alone, does not establish bias or partiality. *See, e.g., In re Marriage of Nussbeck*, 899 P.2d 347, 350 (Colo.App. 1995) (adverse rulings generally not sufficient grounds for claiming bias or prejudice).

1. Because Fed.R.Evid. 201 is similar to CRE 201, the federal cases are instructive. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002) (when Colorado's rule is similar to a federal rule, we may look to federal authority for guidance).

2. We note that former Fed.R.Evid. 201(g), Pub.L. No. 93–595, 88 Stat.1926, 1930 (1975), is now Fed.R.Evid. 201(f), effective December 1, 2011.

¶ 24 Doyle's assertions aside, the record reflects that the trial court stated the judicially noticed facts once on the record, made no other comment on the noticed facts, and properly instructed the jury that that it could accept or reject the noticed facts. None of these actions reflect bias or partiality. *See Merklin,* 80 P.3d at 926 (no evidence that trial court acted partially or was biased when it judicially noticed facts). The trial court did not, therefore, abuse its discretion.

## V. Conclusion

¶ 25 The judgment is affirmed.

JUDGE LOEB and JUDGE GABRIEL concur.