The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Eric J. **LAURSON**, Defendant–Appellant.

No. 01CA1848.

Colorado Court of Appeals, Div. IV.

Dec. 19, 2002.

Certiorari Denied June 16, 2003.

Ken Salazar, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Eric J. Laurson, Pro Se.

Opinion by Judge DAVIDSON.

Defendant, Eric J. Laurson, appeals from the trial court order denying his Crim. P. 35 motion for postconviction relief. We affirm.

Defendant pled guilty to criminal solicitation to commit second degree murder, a class three felony under §§ 18–2–301 and 18–3–103(1), C.R.S.2002, and the trial court sentenced him to thirty years in the Department of Corrections (DOC). Defendant subsequently filed a Crim. P. 35 "Motion for Correction of Illegal Sentence," which the court denied.

I.

Defendant first contends that he was not adequately advised of mandatory parole. We disagree.

A proper advisement on the subject of mandatory parole requires that a defendant be informed that he is subject to a period of mandatory parole, the maximum possible length of that period, and the fact that mandatory parole is a consequence distinct from imprisonment. *Craig v. People,*

986 P.2d 951 (Colo.1999); *Benavidez v. People,* 986 P.2d 943 (Colo.1999).

■ The proper inquiry is whether the record as a whole demonstrates that a defendant was given sufficient notice of the issue. When a defendant indicates at the providency hearing that he or she understood the matters contained in a written guilty plea advisement form, the burden of proof is on the defendant to show that the apparent waiver was not effective. *See Craig v. People, supra; People v. Chavez,* 7 P.3d 1047 (Colo.App.1999).

■ While a printed form is not a substitute for the trial court's determination that the advisement requirements of Crim. P. 11 have been met, a defendant's in-court affirmation that he or she understood the matters described in the form provides sufficient compliance with the rule. *Benavidez v. People, supra.*

Here, defendant signed a "Petition to Enter Plea of Guilty," which specified at paragraph 11.b that: "I also understand that any sentence I receive will carry with it a mandatory period of parole of 5 years which commences immediately upon discharge from imprisonment in the [DOC]." The petition to plead guilty also included a certification by defendant's counsel that he had fully discussed the contents with defendant.

While the court did not specifically mention the mandatory parole provision contained at paragraph 11.b to defendant, the transcript of the providency hearing reflects that the court confirmed with him that he had sufficient time to confer with his attorney and that he understood everything contained in the petition.

Thus, a review of the record shows that the court directed defendant's attention to the plea documents and reiterated that the petition, which included the advisement regarding the mandatory parole term, reflected the parties' agreement. Consequently, we conclude that defendant was sufficiently apprised of the fact and length of the mandatory parole term and the fact that it was a consequence distinct from imprisonment. *See Craig v. People, supra; Benavidez v. People, supra.*

## II.

■ Defendant also contends that his thirty-year sentence is illegal. Specifically, he asserts that extraordinary risk sentencing is inapplicable to the crime to which he pled guilty, criminal solicitation to commit second degree murder. Thus, he argues, the appropriate sentencing range is two to twenty-four years rather than ten to thirty-two years. We disagree.

The sentencing provisions applicable to criminal solicitation are "the penalties provided for criminal attempt in § 18–2–101." Section 18–2–301(5),C.R.S.2002. Accordingly, criminal solicitation to commit second degree murder is classified as a class three felony. Section 18–2–101(4), C.R.S.2002 (criminal attempt to commit a class two felony is a class three felony). The presumptive sentencing range for a class three felony is four to twelve years imprisonment. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2002.

The maximum sentence in the presumptive range for a class three felony is increased by four years if the offense is an extraordinary risk crime. Section 18–1.3–401(10), C.R.S.2002. Also, if the felony is a crime of violence, the court is required to impose a sentence of at least the midpoint of the presumptive range to twice the maximum. Section 18–1.3–406, C.R.S.2002.

Here, the court calculated defendant's sentence based on the determination that criminal solicitation to commit second degree murder was both an extraordinary risk crime and a crime of violence, thus adding four years to the maximum of the presumptive range before calculating the midpoint, ten years, and twice the maximum, thirty-two years. *See People v. Greymountain,* 952 P.2d 829 (Colo.App.1997)(increase for extraordinary risk crime precedes increase for crime of violence).

Defendant does not argue that the court's calculations were incorrect or dispute that under § 18–1.3–401(10)(b)(XII), C.R.S.2002, certain crimes of violence, listed in § 18–1.3–406, are extraordinary risk crimes. He contends, however, that criminal solicitation to commit second degree murder is not included

as a crime of violence under § 18–1.3–406 and, therefore, cannot be an extraordinary risk crime. We disagree.

Second degree murder is a crime of violence, *see* § 18–1.3–406(2)(a)(II)(B), C.R.S. 2002, and § 18–2–101(3.5), C.R.S.2002, provides that attempt to commit a crime of violence is itself a crime of violence "for the purposes of [§ 18–1.3–406]." *See also* § 18–1.3–406(2)(a)(I), C.R.S.2002 (crime of violence includes attempt to commit crime defined as crime of violence). Thus, attempt to commit second degree murder is a defined crime of violence under § 18–1.3–406.

Moreover, extraordinary risk sentencing is applicable to a crime of violence defined under § 18–1.3–406. *See* § 18–1.3–401(10)(b)(XII) (crime of violence under [§ 18–1.3–406] is extraordinary risk crime); *People v. Banks,* 9 P.3d 1125 (Colo.2000)(extraordinary risk sentencing for crime of violence limited to crimes of violence defined in § 18–1.3–406). Therefore, because attempted second degree murder is a crime of violence under § 18–1.3–406, it is also an extraordinary risk crime.

Consequently, criminal solicitation to commit second degree murder is necessarily an extraordinary risk crime. *See* § 18–2–301(5), C.R.S.2002 (penalties for criminal attempt apply to solicitation). Accordingly, the proper sentencing range was ten to thirty-two years, and the court's imposition of a thirty-year sentence was proper.

The order is affirmed.

Judge VOGT and Judge DAILEY concur.