The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ronald J. FOGLE, Defendant–Appellant.

No. 03CA0709.

Colorado Court of Appeals,
Division III.

Nov. 4, 2004.

Rehearing Denied Dec. 23, 2004.

Certiorari Denied July 25, 2005.

**1228**

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Ronald J. Fogle, Pro Se.

VOGT, J.

Defendant, Ronald J. Fogle, appeals the trial court order denying his Crim. P. 35(a) motion for postconviction relief. We affirm.

In August 2000, defendant pled guilty to aggravated robbery in two cases, in exchange for dismissal of other charges. Based on the fact that defendant was on probation when the offenses were committed, the trial court imposed an aggravated range thirty-two-year sentence on each count, the sentences to run concurrently with each other and with other prison sentences defendant was serving.

In May 2001, defendant filed pro se motions for postconviction relief, alleging, as pertinent here, that his sentence was illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it was enhanced based on facts not found by the jury. The trial court denied relief, and a division of this court affirmed. *See People v. Fogle,* (Colo.App. No. 01CA1241, June 13, 2002) (not published pursuant to C.A.R. 35(f))(*Fogle I* ).

Still proceeding pro se, defendant then filed Crim. P. 35(a) motions in each case in March 2003. He again contended that his sentence was illegal under *Apprendi.* He also asserted that he was not in fact on probation at the time of the offenses, that he had not been given sufficient credit for presentence confinement, and that his parole term was incorrectly shown as ten years, rather than five years, on the mittimuses.

In a detailed written order, the trial court agreed that the mittimus in each case had to be modified to reflect the correct parole term, but otherwise denied relief.

## I.

█ Defendant contends on appeal that enhancement of his sentence based on his asserted probationary status was illegal because (1) he was not under the supervision of the probation department but, rather, under the supervision of a drug and alcohol program at the time he committed the offenses; and (2) he was, in any event, entitled under *Apprendi* to have the jury, not a judge, determine the existence of any sentence enhancer. We disagree.

### A.

The record refutes defendant's contention that he was in fact not on probation at the time of his offenses.

The presentence report includes an account of offenses committed by defendant in Maryland, including four felony convictions for which he was "placed on three years supervised probation with the condition that he immediately enter the Stout Street Program and successfully complete [the] program." The report also indicates that a petition for violation of probation had been filed in those four cases and that a warrant had issued, which remained active as of the date of the report. Both the prosecutor and defense counsel referred to defendant's probationary status in their statements to the court at the providency and sentencing hearings.

Contrary to defendant's contention, whether he was under the supervision of the Colorado probation department or another entity is irrelevant for purposes of § 18–1.3–401(8)(a)(III), C.R.S.2004, which requires an aggravated sentence whenever the "defendant was on probation ... for another felony" at the time of the commission of the offense. Accordingly, the postconviction court did not err in rejecting this contention.

### B.

█ In regard to defendant's claim for relief under *Apprendi,* we first address the

People's contention that we should not consider the claim because it is successive and barred by the doctrine of the law of the case.

■ The trial court correctly recognized that this issue had previously been raised and resolved against defendant in *Fogle I* and that it was required to follow *Fogle I* as the law of the case. *See People v. Roybal*, 672 P.2d 1003 (Colo.1983). We likewise generally adhere to the law of the case as determined by another division of this court. However, a departure from that general rule may be required if there has been a significant change in the controlling law made by a court whose decisions are binding on this court. *See Buckley Powder Co. v. State*, 70 P.3d 547 (Colo.App.2002); *People v. Close*, 22 P.3d 933 (Colo.App.2000), *aff'd*, 48 P.3d 528 (Colo.2002).

In holding that *Apprendi* was not implicated in defendant's case, the *Fogle I* division relied on *People v. Allen*, 43 P.3d 689, *republished*, 78 P.3d 751 (Colo.App.2001), and the trial court cited that portion of the *Fogle I* opinion in its order denying defendant's motion. However, the viability of *Allen* as support for a conclusion that *Apprendi* is inapplicable here has been called into question by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See People v. Moon*, 2004 WL 2503424 (Colo.App. No. 03CA1107, Oct. 21, 2004); *People v. Solis–Martinez*, —— P.3d ——, 2004 WL 2002525 (Colo.App. No. 03CA1365, Sept. 9, 2004). In light of *Blakely*, we elect to exercise our discretion to review defendant's contention. *See People v. Close, supra*.

## C.

■ We conclude that defendant's sentence was not illegal under *Apprendi*, although we reach that conclusion on an analysis different from that employed by the *Fogle I* division.

Defendant argues that, under *Apprendi*, he was entitled to have the jury determine his probationary status because that status was used to support imposition of a sentence beyond the prescribed statutory maximum for his offense. *See* § 18–1.3–401(8)(a)(III)

(court is required to impose aggravated range sentence if defendant was on probation for another felony at time of commission of offense). We conclude that, because defendant admitted when he pled guilty that he was on probation, he was not entitled to relief under *Apprendi*.

In *Blakely*, the Supreme Court clarified that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington, supra*, 542 U.S. at ——, 124 S.Ct. at 2537 (emphasis in original); *see People v. Moon, supra; People v. Solis–Martinez, supra*.

The *Blakely* Court also observed that "[N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either *stipulates to the relevant facts* or consents to judicial factfinding." *Blakely v. Washington, supra*, —— U.S. at ——, 124 S.Ct. at 2541 (emphasis added); *cf. People v. Solis–Martinez, supra* (vacating sentence imposed upon defendant's guilty plea and remanding for reconsideration in light of *Blakely* where defendant did not stipulate to existence of facts on which court relied in imposing aggravated range sentence).

In this case, the providency court gave defendant a lengthy advisement regarding the penalties he would face if he pled guilty and, in the course of that advisement, asked whether there were extraordinary aggravating circumstances applicable to its sentencing decision. Defense counsel responded in the affirmative, stating that defendant "was on probation at the time of this offense." The court then explained to defendant that being on probation for a felony was an extraordinary aggravating circumstance that would require a sentence of between ten and thirty-two years. Defendant indicated that he understood and had no questions. After a further explanation of his rights and further questioning by the court, defendant indicated he still wanted to plead guilty to the two charges of aggravated robbery.

At the sentencing hearing, defense counsel reminded the court that, as shown in the presentence report, defendant was given probation rather than a potential thirty-five-year prison sentence for felonies committed in Maryland. Counsel argued that the Maryland probation amounted to an acknowledgment that defendant's offenses resulted from his drug and mental health problems, and that these mitigating circumstances warranted imposing concurrent sentences rather than the consecutive sentences sought by the prosecution.

Although the representations regarding defendant's probationary status were made by defense counsel, not defendant, defendant did not dispute the correctness of the statements at the time they were made. *See People v. DiGuglielmo,* 33 P.3d 1248 (Colo.App.2001)(defendant must request clarification at providency hearing rather than raising assertedly incorrect information in postconviction motion). Nor has he subsequently denied that he was in fact under the supervision of a drug and alcohol program when he committed the offenses. We have rejected his contention that being under such supervision was not "probation." Defense counsel was therefore not ineffective for failing to so argue in the trial court, or for making the tactical decision to cite defendant's Maryland probation as a mitigating factor at the sentencing hearing.

In these circumstances, we may properly treat counsel's statements as an admission by defendant. *See People v. Moody,* 630 P.2d 74 (Colo.1981); *People v. Tackett,* 742 P.2d 957 (Colo.App.1987).

Accordingly, because defendant admitted the fact on which his enhanced sentence was based, his sentence was not illegal under *Apprendi,* and the postconviction court did not err in rejecting his contention that it was.

## II.

■ Defendant also contends that the sentencing court improperly ordered him to pay restitution even though he had not agreed to do so. However, this contention was not raised in the trial court and is therefore not properly before us for review. *See People v.*

*Goldman,* 923 P.2d 374 (Colo.App.1996). We likewise do not reach the various constitutional issues raised for the first time in defendant's reply brief. *See People v. Czemerynski,* 786 P.2d 1100 (Colo.1990)(issues raised for first time in reply brief on appeal will not be considered); *People v. Boyd,* 30 P.3d 819 (Colo.App.2001)(declining to consider challenge to constitutionality of statute that was not raised in trial court); *People v. Goldman, supra.*

## III.

■ Finally, we reject defendant's contention that the postconviction court erred in declining to award him additional presentence confinement credit.

In accordance with the presentence report, defendant received credit for fifty-one days of presentence confinement. The sentencing court observed that defendant's additional presentence confinement was not attributable to this case, and defense counsel agreed.

Defendant cited no facts in his postconviction motion to call that observation into question or to show that he had any additional presentence confinement time attributable to the offenses for which he was sentenced, as opposed to other offenses. *See People v. Taylor,* 7 P.3d 1030 (Colo.App.2000)(offender is not entitled to credit for presentence confinement not attributable to charge for which sentence was imposed).

The order is affirmed.

Judge TAUBMAN and Judge PICCONE concur.