The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robin M. JOHNSON, Defendant–Appellant.

No. 03CA2339.

Colorado Court of Appeals, Div. IV.

April 7, 2005.

Rehearing Denied May 12, 2005.

Certiorari Granted Oct. 11, 2005.

John W. Suthers, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robin M. Johnson, Pro Se.

GRAHAM, J.

Defendant, Robin M. Johnson, appeals the trial court's order denying her Crim. P. 35 motions. We reverse the order, vacate defendant's sentence, and remand for resentencing.

Defendant pled guilty to one felony theft count in each of two cases, resulting in her conviction of a class 3 and a class 4 felony. The presumptive range of sentencing for a class 3 felony is four to twelve years with five years of mandatory parole. The presumptive range of sentencing for a class 4 felony is two to six years with three years of mandatory parole. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2004.

Following revocation of defendant's community corrections sentence, the trial court resentenced her to an aggravated term of twenty-four years in the Department of Corrections (DOC). The sentence was aggravated pursuant to § 18–1.3–401(6), C.R.S.2004, for reasons other than the fact of prior convictions.

In her first postconviction motion, defendant asserted her conviction and sentence must be vacated because she received ineffective assistance of counsel. Defendant also filed a motion asserting that the trial court did not make findings of aggravation and that the sentence was an abuse of discretion. The trial court denied the motions, and this appeal followed.

I.

Recently, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which applied and explained a rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi* was decided prior to defendant's sentencing. *Blakely* was decided after she was sentenced and while her appeal was pending. In light of *Blakely*'s explanation of *Apprendi* and its likely retroactive application to the date of *Apprendi*, we asked the parties to file supplemental briefs on the application of that case to this appeal.

A.

We first conclude, as a threshold matter, that *Blakely* applies retroactively to the date that *Apprendi* established its new rule.

In *People v. Bradbury,* 68 P.3d 494 (Colo. App.2002), a division of this court concluded that *Apprendi* did not apply retroactively because it "established a new rule" and "imposed a new obligation" upon trial courts. *People v. Bradbury, supra,* 68 P.3d at 497.

We adopt the reasoning in *Bradbury* and conclude that because *Apprendi* established a new rule which had the effect of overriding a widespread practice of allowing judges to decide facts used to aggravate sentences, *Blakely*'s interpretation of that rule must necessarily apply retroactively to the date the rule was established. Writing for the majority in *Blakely,* Justice Scalia clearly limited the holding back to the date of *Apprendi* when he wrote: "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely, supra,* 542 U.S. at 303–05, 124 S.Ct. at 2537.

Because *Blakely* explains and clarifies *Apprendi,* we apply it retroactively to defendant's sentence, which was imposed after Apprendi was announced. We note at least two federal cases which have held that *Blakely* does not apply retroactively to collateral attacks against convictions. *See, e.g., In re Dean,* 375 F.3d 1287, 1290 (11th Cir.2004); *United States v. Stoltz,* 325 F.Supp.2d 982, 987 (D.Minn.2004). In concluding that retroactive application should be made here, we nevertheless do not apply *Blakely* to collateral attacks against convictions unless those convictions post-dated *Apprendi. People v. Dunlap,* 124 P.3d 780, 2004 WL 2002439 (Colo.App. No. 01CA1082, Sept. 9, 2004).

### B.

We discern from defendant's pro se supplemental brief a contention that the trial court abused its discretion in sentencing her without making proper findings to support an aggravated sentence. She also argues that she "is unaware of agreeing to any aggravating circumstances, and the People have failed to show proof of any aggravating circumstances." The record supports the former contention.

■ *Blakely* provides that a judge may not sentence a defendant above the statutory maximum on the basis of facts other than prior convictions unless those facts are *"reflected in the jury verdict or admitted by the defendant"* and the "statutory maximum" is the sentence the court may impose *"without* any additional findings." *Blakely v. Washington, supra,* 542 U.S. at 303–05, 124 S.Ct. at 2537 (emphasis in original).

■ To justify the imposition of a discretionary aggravated range sentence pursuant to § 18–1.3–401(6), the trial court is required to make findings of extraordinary aggravating circumstances. Under *Apprendi,* as explained in *Blakely,* such a sentence violates the Sixth Amendment right to trial by jury unless the facts found by the trial court to support the sentence are reflected in the jury verdict, are admitted by the defendant for purposes of sentencing, or involve the defendant's prior criminal convictions. *See People v. Moon,* 121 P.3d 218, 2004 WL 2503424 (Colo.App. No. 03CA1107, Oct. 21, 2004); *see also People v. Solis–Martinez,* 121 P.3d 215, 2004 WL 2002525 (Colo.App. No. 03CA1365, Sept. 9, 2004).

■ A defendant may waive her *Apprendi* rights, if she "either stipulates to the relevant facts or consents to judicial factfinding." *Blakely v. Washington, supra,* 542 U.S. at 310, 124 S.Ct. at 2541.

■ Here, defendant agreed to a fifteen- to twenty-five-year term in community corrections, or to an alternative fifteen- to twenty-five-year sentence to the DOC if she was not accepted to a community corrections program. She did not admit to any specific aggravators or agree to judicial factfinding regarding those aggravators.

The People argue that because defendant agreed to a range which was wholly within the aggravated range, she in effect stipulated to the factors necessary to aggravate her sentence or, at the very least, waived her right to a jury determination of aggravating factors. In this particular circumstance we do not agree. By the time defendant entered her guilty plea, several divisions of this court had held that *Apprendi* did not apply to a trial court's imposition of an aggravated

range sentence under § 18–1.3–401(b). *See People v. Allen,* 78 P.3d 751 (Colo.App.2001); *see also People v. Trujillo,* 75 P.3d 1133 (Colo.App.2003); *People v. Harrison,* 58 P.3d 1103 (Colo.App.2002); *People v. Ramos,* 53 P.3d 1178 (Colo.App.2002); *People v. Martinez,* 32 P.3d 520 (Colo.App.2001). The Colorado Supreme Court did not review any of these decisions on certiorari. Thus, given the state of Colorado law post-*Apprendi* but pre-*Blakely,* defendant could not have knowingly and voluntarily waived her right to a jury determination of aggravating factors. In dealing with the aftermath of *Blakely,* courts in other jurisdictions have reached the same conclusions. *See, e.g., Strong v. State,* 817 N.E.2d 256 (Ind.Ct.App.2004), *aff'd on reh'g,* 820 N.E.2d 688 (Ind.Ct.App.2005); *State v. Fairbanks,* 688 N.W.2d 333 (Minn.Ct.App.2004)(*review granted* Jan. 20, 2005).

We therefore conclude that the sentence imposed here is unconstitutional and cannot stand. In so concluding, we note that defendant's stipulation to a factual basis for the two felonies does not require a different result. A defendant's admission of a factual basis for the guilty plea is not the equivalent of either an admission that the same facts constitute aggravating factors for sentencing purposes or a consent to judicial factfinding. *See Blakely v. Washington, supra* (noting that the sentencing judge cannot impose an aggravated sentence solely on the basis of facts admitted in the guilty plea because the judge must consider factors other than those used in computing a sentence within the standard or statutory maximum range).

## II.

In light of our conclusion, we see no need to reach the remaining issues posed in defendant's appeal.

The order is reversed, the sentence is vacated, and the case is remanded for resentencing.

Judge ROY and Judge WEBB concur.