The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lorin D. SCOTT, Defendant–Appellant.

No. 04CA2207.

Colorado Court of Appeals, Div. III.

Nov. 3, 2005.

Rehearing Denied Dec. 22, 2005.

Certiorari Denied June 26, 2006.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

HAWTHORNE, J.

Defendant, Lorin D. Scott, appeals the trial court's order denying his Crim. P. 35(a) motion. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to one count of vehicular eluding, a class five felony, in exchange for the dismissal of another charge against him. There were no sentencing concessions. The trial court sentenced him to five years in the Department of Corrections. Defendant did not appeal the conviction or the sentence.

Approximately two months later, defendant filed a Crim. P. 35(a) motion seeking to correct an illegal sentence. He argued that the trial court improperly imposed an aggravated sentence based upon its finding that defendant was on parole at the time of the current offense, a fact that defendant argues was neither admitted by him nor proved to a jury as required under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The trial court denied the motion in a written order.

Relying on *Apprendi v. New Jersey, supra*, and *Blakely v. Washington, supra*, defendant contends that the trial court violated his right to a jury trial because it imposed an enhanced sentence based on its finding that defendant was on parole at the time of the offense although this fact was not admitted by defendant nor was it pleaded and proved beyond a reasonable doubt to a jury. We disagree.

■ The People argue that because defendant did not appeal his conviction or sentence, his sentence became final on April 16, 2004, two months before *Blakely* was announced, and therefore, *Blakely* is inapplicable. However, a division of this court determined that *Blakely* is an interpretation of the rule announced in *Apprendi* and therefore *Blakely* applies retroactively to the date *Apprendi* was announced. *See People v. Johnson*, 121 P.3d 285 (Colo.App.2005) (*cert. granted* October 11, 2005, 2005 WL 3066832) (because *Blakely* explains and clarifies *Apprendi*, court applied it retroactively to defendant's sentence, which was imposed after *Apprendi* was announced). Here, because defendant's sentence was imposed after *Apprendi* was announced, we apply the principles set forth in *Apprendi* and clarified in *Blakely* to conclude that defendant's sentence is constitutionally valid.

Contrary to the People's argument, we do not agree that *Johnson* was overruled by *Lopez v. People*, 113 P.3d 713 (Colo.2005). The division in *Johnson* concluded only that *Blakely* should be retroactively applied to collateral attacks against convictions that post-dated *Apprendi*. Even though the supreme court has granted certiorari in *Johnson* to determine whether *Blakely* is retroactive to the date *Apprendi* was announced, the specific issue presently before us is whether *Johnson* was overruled by *Lopez*.

In *Lopez*, the supreme court determined that *Blakely* was applicable to the defendant's claims because his case was pending on direct appeal when *Blakely* was announced. *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)(citing *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); new rule for conduct of criminal prosecutions is to be applied retroactively to cases pending on appeal or not yet final). In making this determination, the supreme court did not discuss whether *Blakely* applied retroactively to those cases to which *Apprendi* was applicable. Moreover, in *Lopez* the supreme court noted that the United States Supreme Court applied the rule of *Apprendi* in *Blakely*. *Lopez v. People, supra*, 113 P.3d at 722.

For these reasons, we conclude that the *Johnson* analysis remains good law.

Thus, we address the merits of defendant's contention. *See People v. Hinojas–Mendoza*, 140 P.3d 30, 2005 WL 2561391 (Colo.App. No. 03CA0645, Jul. 28, 2005).

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Blakely v. Washington, supra; Apprendi v. New Jersey, supra*, 530 U.S. at 490, 120 S.Ct. at 2362–63.

■ The relevant statutory maximum for purposes of *Apprendi* is the maximum sentence the trial court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington, supra*, 542 U.S. at 303, 124 S.Ct. at 2537.

■ A person convicted of a class five felony is subject to a presumptive sentencing range of one to three years. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2005. However, if the offender is on parole at the time of the offense, then the sentencing range is in-

creased to two to six years. Section 18–1.3–401(8)(a)(II), C.R.S.2005.

Here, at the sentencing hearing, defense counsel admitted that defendant had been on parole at the time of the offense, that his parole had been revoked, and that defendant had been resentenced to the DOC. Defendant did not object to counsel's statement or dispute the truth of it. This lack of objection is sufficient to serve as an admission by defendant. *See People v. Fogle*, 116 P.3d 1227 (Colo.App.2004)(statements of defense counsel made without objection by defendant are treated as an admission for Sixth Amendment purposes). A fact admitted by the defendant is a *Blakely*-compliant factor, sufficient to support an aggravated sentence. *See Lopez v. People, supra.*

Therefore, based on his own admission, defendant faced a sentencing range of two to six years. His five-year sentence falls within the applicable statutory range. Thus, his sentence was not illegally aggravated.

Moreover, defendant's sentence was based in part on his three prior felony convictions. The fact of a prior conviction is a *Blakely*-exempt factor, sufficient to support the imposition of an aggravated sentence. *See Lopez v. People, supra* (prior conviction facts are considered *Blakely*-exempt, and one *Blakely*-compliant or *Blakely*-exempt factor is sufficient to support an aggravated sentence).

Thus, defendant's sentence is constitutionally valid, and the trial court did not err in denying his Crim. P. 35(a) motion.

The order is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.