The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Nathan **MONTOYA,** Defendant–Appellant.

No. 03CA0696.

Colorado Court of Appeals, Div. II.

Feb. 23, 2006.

Certiorari Denied Aug. 28, 2006.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Andrea R. Manning, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

GRAHAM, J.

Defendant, Nathan Montoya, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree burglary, second degree kidnapping, and sexual assault. He also appeals the sentence imposed. We affirm.

Defendant, along with two other men, entered the house where the victim was living with her boyfriend and his father and, after arguing with her boyfriend, destroyed various items in the house. The victim, a seventeen-year-old girl, testified that defendant kidnapped her and her friend, drove them to a warehouse, and sexually assaulted the victim.

Defendant was charged with a total of fourteen counts, including one burglary count, two kidnapping counts, one sexual assault count, three sexual assault aggravator counts, and seven conspiracy counts. The jury found defendant guilty of first degree burglary in violation of § 18–4–202(1), C.R.S. 2005; second degree kidnapping (sexual assault) in violation of § 18–3–302(1) and (3)(a), C.R.S.2005; sexual assault in violation of § 18–3–402(1)(a), C.R.S.2005; sexual assault aggravator, force or violence, in violation of § 18–3–402(4)(a), C.R.S.2005; and sexual assault aggravator, present threat, in violation of § 18–3–402(4)(b), C.R.S.2005.

The trial court sentenced defendant to an aggregate term of fifty-one years to life in the Department of Corrections (DOC), including fifteen years on the burglary count, eighteen years on the kidnapping count, and eighteen years to life on the sexual assault count, to run consecutively. In sentencing defendant on his burglary and kidnapping convictions, the court applied Colorado's aggravated sentencing statute after it found that defendant was on parole, on probation, or under supervision when he committed the

offenses. *See* § 18–1.3–401(8)(a)(II)–(III), C.R.S.2005. The trial court further sentenced defendant to terms of mandatory parole as required by statute.

This appeal followed.

### I. Challenge for Cause

■ Defendant first contends that the trial court erred when it denied his challenge for cause of a juror, because the juror could not be fair and impartial. Defendant further argues that his use of a peremptory challenge on this juror, who should have been struck for cause, violated his due process right to a fair trial. We disagree.

■ A trial court's denial of a defendant's challenge for cause is reviewed for an abuse of discretion. *See Carrillo v. People,* 974 P.2d 478 (Colo.1999); *see also People v. Strean,* 74 P.3d 387 (Colo.App.2002). The trial court's determination is given deference, because it is in a superior position to assess the credibility of a prospective juror's responses, demeanor, and body language. *Carrillo v. People, supra; see also People v. Lefebre,* 5 P.3d 295 (Colo.2000) (the trial court is in the best position to evaluate the juror's credibility, demeanor, and sincerity in explaining her state of mind); *People v. Strean, supra,* 74 P.3d at 391 (the trial court's decision regarding a challenge for cause "turn[s] on an assessment of the juror's credibility, demeanor, and sincerity in explaining ... her state of mind").

■ The trial court abuses its discretion only when its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Strean, supra.* In determining whether a trial court abused its discretion, we must review the entire voir dire of the prospective juror. *Carrillo v. People, supra.*

■ The right to challenge a juror for cause is an integral part of a fair trial. *Carrillo v. People, supra.* Upon such a challenge, the trial court is required to dismiss potential jurors who hold any of the biases listed in § 16–10–103(1), C.R.S.2005, as a matter of law. "A biased juror may not serve because ... she could poison the defendant's right to a fair trial." *People v. Lefebre, supra,* 5 P.3d at 300.

Under § 16–10–103(1)(j), C.R.S.2005, a court must sustain a challenge for cause if there is

[t]he existence of a state of mind in the juror evincing enmity or bias toward the defendant or the state; however, no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial[.]

■ But "the court is not required to dismiss a prospective juror simply because ... she has indicated a possible source of bias." *People v. Strean, supra,* 74 P.3d at 390. "If the court is satisfied that the prospective juror will base the decision on the evidence and will follow the court's instructions," it should not disqualify the juror. *People v. Strean, supra,* 74 P.3d at 390–91; *see also People v. Lefebre, supra,* 5 P.3d at 301 (a prospective juror who has made a statement suggesting bias may "sit on the jury if she agrees to set aside any preconceived notions and make a decision based on the evidence and the court's instructions").

Here, the trial court thoroughly questioned the challenged juror in chambers. The court inquired as to whether her "rational powers might be interfered with" due to her emotions about her friend's experience of being raped. The juror responded, "I would like to say no, but I think they might be." When the court asked her whether she had "some hesitation about that," she responded, "I do. I do."

However, in response to questioning by the prosecution, the juror, without reservation, indicated that she would require the prosecution to prove its case beyond a reasonable doubt. The prosecutor asked the prospective juror, "[W]ould you hold the prosecution to proving this case beyond a reasonable doubt?" The juror responded, "Absolutely." The prosecutor further probed,

And if I missed an element—you know, the judge said that there will be a list of

elements. If I miss one, do you think your emotions would make it so that you would find [defendant] guilty even though you did not believe that [the prosecution] had proven all of the charges beyond a reasonable doubt?

The juror responded, "No. I think I can be impartial enough that I could step aside and be sure that all of the criteria had been fulfilled."

The trial court determined that, although the juror had concerns about her friend's experience, she had responded "unequivocally" that she would hold the prosecution to the burden of proving each element beyond a reasonable doubt even if she was "feeling very emotional and sympathetic for the victim." The court further found:

> [The] evidence in this case might remind her about what happened to her friend, it might make it difficult for her to serve, but I don't think there was anything she said in answer to counsel's questions that indicated she couldn't be fair and impartial, despite that emotional overlay, or the potential for that emotional overlay.

Having reviewed the entire record of the voir dire of the prospective juror, we conclude that the trial court did not abuse its discretion when it determined that the challenged juror could be fair and impartial. See People v. Sandoval, 733 P.2d 319, 321 (Colo. 1987) ("[T]he trial judge is the only judicial officer able to assess fully the attitudes and state of mind of a potential juror by personal observation of the significance of what linguistically may appear to be inconsistent or self-contradictory responses to difficult questions."). Her responses, taken as a whole, reflect that while serving as a juror may have been difficult for her, she would base her decision on the evidence and the law and would follow the court's instructions. Accordingly, we will not disturb the court's determination upon appeal. See People v. Strean, supra.

## II. Complicity Instruction

■ Defendant next contends that his due process right to a fair trial was violated because Instruction No. 22 inappropriately included language which permitted the jury to find him guilty as a complicitor without finding beyond a reasonable doubt that all

elements of the crime had been proved. We disagree.

■ Because defendant objected to the instructional language, we review under a constitutional harmless error analysis. See Griego v. People, 19 P.3d 1 (Colo.2001) (under Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the omission of an element from or misdescription of an element in a jury instruction is subject only to harmless or plain error review). A constitutional error is harmless if we are confident beyond a reasonable doubt that the error in the jury instruction did not contribute to the verdict. Griego v. People, supra (the correct inquiry is whether the verdict is surely unattributable to the error, not whether the evidence was sufficient to support a guilty verdict without the error).

■ A trial court must properly instruct the jury on every element of a crime in order to preserve a defendant's constitutional rights to a jury trial and to the requirement that the prosecution prove each element of a charged offense beyond a reasonable doubt. Griego v. People, supra; see also People v. R.V., 635 P.2d 892 (Colo.1981) (a defendant is entitled to instructions on every element of a charged substantive offense). "In determining the propriety of any one instruction, the instructions must be considered as a whole, and if they properly instruct the jury as a whole, there is no error." People v. Merklin, 80 P.3d 921, 926 (Colo.App.2003).

■ To be guilty as a complicitor, a defendant must have the culpable mental state required for the underlying crime committed by the principal and intend that his conduct have the effect of assisting or promoting the commission of the crime. People v. Williams, 23 P.3d 1229 (Colo.App.2000). "Complicity is not a separate and distinct crime or offense under the criminal code and it is not necessary to specifically charge complicity." People v. Thompson, 655 P.2d 416, 418 (Colo.1982); see also People v. Thurman, 948 P.2d 69 (Colo.App.1997). Complicity is "merely a theory by which a defendant becomes accountable for a criminal offense

committed by another." *People v. Thurman, supra,* 948 P.2d at 71.

Here, the jury was instructed by Instruction No. 22 that it "may consider complicity as defined in Instruction No. 11, in deciding [defendant's] guilt." The jury was instructed on the elements of the crime of complicity in Instruction No. 11 as follows:

> A person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established beyond a reasonable doubt:
>
> 1. A crime must have been committed.
> 2. Another person must have committed all or part of the crime.
> 3. The defendant must have had knowledge that the other person intended to commit all or part of the crime.
> 4. The defendant must have had the intent to promote or facilitate the commission of the crime.
> 5. The defendant must have aided, abetted, advised, or encouraged the other person in the commission or planning of the crime.

In overruling defendant's objection to Instruction No. 22, the court noted that the language was helpful to the jury because the unanimity instruction, alone, may lead the jury to believe that it must find that defendant committed each element of the charged crime on his own.

Defendant argues that "[b]y couching the reference to the complicity instruction in permissive language, the instruction allowed the jury to convict [him] even if the prosecution failed to prove the necessary elements for complicity liability." However, defendant admits that the jury was instructed in Instruction No. 11 that each of the elements of complicity must be proved beyond a reasonable doubt for defendant to be found guilty as a complicitor.

Defendant points out that the jury asked whether he had to meet all the elements of complicity liability. However, the court's response to the jury expressly reiterated that "[u]nder that Instruction 11, you may find [defendant] guilty as a complicitor *only if you find that the prosecution has proved each of the five elements in that Instruction*

*beyond a reasonable doubt*" (emphasis supplied).

Instruction No. 4 further instructed the jury that "[t]he burden of proof is upon the prosecution to prove to the satisfaction of the jury beyond a reasonable doubt the existence of all of the elements necessary to constitute the crimes charged" and that "[i]f you find from the evidence that the prosecution has failed to prove any one or more of the elements beyond a reasonable doubt you will find the Defendant Not Guilty."

We conclude that the jury instructions, taken as a whole, properly instructed the jury on the elements of complicity and on the requirement that each element thereof be proved beyond a reasonable doubt. *See People v. Merklin, supra.*

### III. *Apprendi*

■ Finally, defendant argues that his Sixth Amendment rights were violated when the trial court aggravated his burglary and kidnapping sentences based on its findings of fact regarding his parole or probationary status that were neither charged, found by the jury, nor proved beyond a reasonable doubt. We are not persuaded.

■ We review defendant's constitutional challenge to his sentencing determination de novo. *See Lopez v. People,* 113 P.3d 713 (Colo.2005).

Under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Lopez v. People, supra,* 113 P.3d at 721 (quoting *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63).

■ "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington,* 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) (emphasis in original); *see also Lopez v. People, supra,* 113 P.3d at 721 (under *Apprendi,* "the jury trial right

and the reasonable doubt standard must apply to facts underlying any potential penalty"); *People v. Solis–Martinez,* 121 P.3d 215, 217 (Colo.App.2004) (*cert. granted* Oct. 11, 2005) ("under *Apprendi* and *Blakely,* the statutory maximum authorized by a jury verdict or a guilty plea is the maximum in the presumptive range for the class of felony, unless the defendant admits to certain facts or other statutes are applicable that automatically increase the range of sentence for particular crimes"). "[I]f the trial judge must find additional facts in order to impose a sentence outside of the ·presumptive range, the rule of *Blakely* applies." *Lopez v. People, supra,* 113 P.3d at 720.

■ Accordingly, after *Apprendi* and *Blakely,* a trial court may only rely on four types of facts to impose aggravated sentencing: "(1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) facts regarding prior convictions." *Lopez v. People, supra,* 113 P.3d at 719. "The legislature may not require judges to impose enhanced sentences based on constitutionally impermissible judicial fact-finding." *Lopez v. People, supra,* 113 P.3d at 731.

Here, the court applied § 18–1.3–401(8)(a)(II) and (III) of Colorado's aggravated sentencing statute, which provides that extraordinary aggravating circumstances include that. a defendant "was on parole for another felony at the time of the commission of the felony" or "was on probation ... while awaiting sentencing following revocation of probation for another felony at the time of the commission of the felony." If a court finds the presence of these aggravating circumstances, it must "sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony." Section 18–1.3–401(8)(a), C.R.S.2005.

The trial court determined that defendant was subject to mandatory aggravation of his burglary and kidnapping convictions, after it found that defendant was on probation, on parole, or under supervision. The court reviewed the aggravated sentencing ranges pertaining to defendant's burglary and kid-

napping convictions with counsel, and defense counsel agreed with the ranges set forth by the court. Furthermore, in response to the court's inquiry, defense counsel indicated that she did not have any corrections or additions to the presentence report.

Consequently, the court aggravated the sentencing range on defendant's burglary conviction from the presumptive range of four to twelve years, up to eight to twenty-four years. The court sentenced defendant to fifteen years on his burglary conviction. Likewise, the court aggravated the sentencing range on defendant's kidnapping conviction from the presumptive range of eight to twenty-four years, up to sixteen to forty-eight years. The court sentenced defendant to eighteen years on his kidnapping conviction. The court did not apply the aggravated sentencing statute to defendant's sexual assault conviction.

■ Although defendant did not admit that he was on parole or probation, defense counsel did not contend that the presentence report was incorrect regarding defendant's parole or probationary status, even after being given an opportunity to do so by the court. Additionally, defendant did not object to the aggravated sentencing ranges set forth by the court and, in fact, agreed that such ranges were correct. Under these circumstances, we conclude the defense conceded to the contents of the presentence report. *See People v. Fogle,* 116 P.3d 1227, 1230 (Colo.App.2004) (when a defendant does not dispute the representations made by defense counsel at the time they are made and does not subsequently deny that he was under supervision at the time he committed the offense, "we may properly treat counsel's statements as an admission by defendant").

We further conclude that the fact that defendant was on parole or probation is inextricably linked to his prior conviction and thus falls within the prior conviction exception set forth in *Apprendi v. New Jersey, supra; Blakely v. Washington, supra;* and *Lopez v. People, supra.* The *Lopez* court called such facts "*Blakely*-exempt" because their use by the sentencing court does not implicate the *Blakely* rule. *Lopez v. People, supra,* 113 P.3d at 723.

Defendant relies on *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), for the proposition that a defendant's parole or probationary status does not fall under the prior conviction exception. However, in *Shepard*, the Court considered the type of documents a sentencing court may rely upon when determining the character of a prior conviction. Specifically, the Court considered whether an earlier guilty plea supported a conviction for generic burglary under the Armed Career Criminal Act. Contrary to defendant's contention, the Court in *Shepard* did not conclude that the fact of a defendant's parole or probationary status falls outside the prior conviction exception.

We conclude that probation or parole is a necessary component of the conviction and is not "too far removed from the conclusive significance of a prior judicial record" to implicate the type of prohibited fact-finding detailed in *Apprendi*. *Shepard v. United States, supra*, 544 U.S. at 24, 125 S.Ct. at 1262; *see also Almendarez–Torres v. United States*, 523 U.S. 224, 243, 118 S.Ct. 1219, 1230, 140 L.Ed.2d 350 (1998) (a sentencing court is authorized to consider the fact of a prior conviction, which "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); *Lopez v. People, supra* (a court may use facts regarding a defendant's prior conviction, *Blakely*-exempt facts, in aggravating a defendant's sentence).

Accordingly, we conclude that the trial court did not err when it aggravated defendant's burglary and kidnapping sentences, because the fact that defendant was on parole or probation was sufficiently related to defendant's prior conviction.

The judgment and sentence are affirmed.

Judge ROTHENBERG and Judge CARPARELLI concur.