The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

David J. BLINDERMAN, Defendant–Appellant.

No. 04CA2536.

Colorado Court of Appeals, Div. III.

April 20, 2006.

As Modified on Denial of Rehearing July 6, 2006.

Certiorari Denied Nov. 13, 2006.*

John W. Suthers, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

ROY, J.

Defendant, David J. Blinderman, appeals the trial court's order denying his Crim. P. 35(a) motion seeking postconviction relief. We affirm.

Pursuant to a plea agreement in which other charges were dismissed, defendant pleaded guilty to a single count of attempted unlawful distribution of a schedule II controlled substance in violation of §§ 18–2–101, 18–18–405(1), (2)(a)(I)(A), C.R.S.2005. As part of the agreement, the parties stipulated that defendant's sentence would be subject to a cap of eight years in the custody of the Department of Corrections (DOC).

Defendant signed a written plea agreement which advised him that the presumptive sentencing range for the offense was two to eight years imprisonment. However, paragraph eleven of the agreement advised defendant that if he was on parole when he committed this offense the court was required, if it sentenced him to the DOC, to impose a sentence of at least the midpoint in the presumptive range, but not more than twice the maximum term authorized in the presumptive range.

At the providency hearing, the trial court advised defendant that "it's an aggravated case," to which defense counsel indicated the presumptive sentencing range was four to sixteen years because defendant was on parole. Although defense counsel did not explicitly state that defendant was on parole at the time of the offense, the written plea agreement stated that he would be subject to aggravated sentencing if he was "on parole ... at the time of the commission of the offense."

Immediately after counsel stated the aggravated presumptive sentencing range, the trial court asked defendant whether he understood that, but for the sentencing cap, he could be sentenced to more than the "statutory maximum." After defendant indicated that he understood, the court accepted his plea.

At sentencing, defense counsel noted the Supreme Court's then recent decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in which the Court reaffirmed that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. However, defense counsel asserted that *Blakely* was not applicable to this case because the stipulation for an eight-year cap prevented the court from imposing a sentence greater than the maximum in the presumptive range.

Although defense counsel asked the court to consider imposing a "four or five-year sentence," the prosecutor argued that, because defendant had committed this offense while on parole, the court was not allowed to impose a DOC sentence of less than five years (which, according to the prosecutor, was the mid-point in the presumptive range). After considering the arguments of counsel and defendant's allocution, the trial court sentenced defendant to eight years in the custody of the DOC.

A few months later, defendant filed this Crim. P. 35(a) motion in which he alleged that, because the applicable presumptive sentencing range was actually two to six years imprisonment, his eight-year sentence was unlawful under *Blakely v. Washington*, *supra*.

The trial court issued a written order denying relief. The court concluded that the class four felony offense of attempted unlawful distribution of a schedule II controlled substance is an extraordinary risk of harm offense under § 18–1.3–401(10)(b)(XI), C.R.S. 2005, and that the six-year maximum presumptive range sentence is therefore increased by two years. Accordingly, the court determined that, because defendant's eight-year sentence fell within the presumptive range, *Blakely* was not implicated. Defendant then filed this appeal.

## I.

■ Defendant contends, the People concede, and we agree that, although the class three felony offense of unlawful distribution of a schedule II controlled substance is classified as an extraordinary risk of harm offense pursuant to § 18–1.3–401(10)(b)(XI), there is no corollary provision establishing enhanced presumptive range sentencing for *attempted* unlawful distribution of a schedule II controlled substance.

Section 18–1.3–401(10)(a), C.R.S.2005, provides, in relevant part, as follows:

The general assembly hereby finds that certain crimes which are listed in paragraph (b) of this subsection (10) present an extraordinary risk of harm to society and therefore, in the interest of public safety, for such crimes which constitute class 3 felonies, the maximum sentence in the presumptive range shall be increased by four years; [and] for such crimes which constitute class 4 felonies, the maximum sentence in the presumptive range shall be increased by two years . . . .

One of the offenses listed in subsection (b) is: "Unlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance with the intent to sell, distribute, manufacture, or dispense, as defined in section 18–18–405." Section 18–1.3–401(10)(b)(XI). However, unlike other sentence enhancement provisions that expressly apply to attempts, *see, e.g.,* § 18–1.3–406(2)(a)(I), C.R.S.2005 (crime of violence enhancement applicable to attempts to commit enumerated offenses), § 18–1.3–401(10)(a) contains no reference to attempts. *cf. People*

*v. Laurson,* 70 P.3d 564 (Colo.App.2002)( Section 18–1.3–401(10)(b)(XII) by reference to § 18–1.3–406, C.R.S.2005, does include attempts by virtue of § 18–1.3–406(2)(a)(1), C.R.S.2005).

Despite the plain language of § 18–1.3–401(10)(b)(XI), the People invite us to extend the provision to include attempted unlawful distribution of a schedule II controlled substance as an extraordinary risk of harm offense. According to the People, such an expansive interpretation unconstrained by the statutory language would be "consistent with legislative intent to protect public safety." We reject the invitation. *See People v. Valdez,* 56 P.3d 1148 (Colo.App.2002)(to determine legislative intent, courts look first to plain language of statute; when language is clear so that intent can be ascertained with reasonable certainty, there is no need to resort to other rules of statutory interpretation); *People v. Stephenson,* 30 P.3d 715, 717 (Colo.App.2000)(the power to prescribe punishments is vested exclusively in the General Assembly and may not be usurped by courts).

Accordingly, we conclude the presumptive sentencing range for the class four felony offense of attempted unlawful distribution of a schedule II controlled substance is two to six years. Sections 18–1.3–401(1)(a)(V)(A), 18–2–101, 18–18–405(1), (2)(a)(I)(A), C.R.S. 2005.

## II.

■ Defendant argues that, because the presumptive sentencing range for the offense for which he was convicted is two to six years, the imposition of an eight-year sentence runs afoul of *Blakely.* We are not persuaded.

As set forth above, defense counsel stated at the providency hearing that defendant was subject to aggravated range sentencing because he was on parole. The statutory provision to which counsel referred provides as follows:

The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it

sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

The defendant was on parole for another felony at the time of commission of the felony . . . .

Section 18–1.3–401(8)(a)(II), C.R.S.2005.

On appeal, defendant argues that this provision cannot be applied to him because he "never admitted that he was on parole at the time of the offense," and the trial court "did not make such a finding." We are not persuaded.

If a fact admitted by the defendant is a *Blakely*-compliant factor, it is sufficient to support imposition of an aggravated sentence. *See Lopez v. People*, 113 P.3d 713 (Colo.2005).

In *People v. Scott*, 2005 WL 2877851, 140 P.3d 98, (Colo.App. No. 04CA2207, Nov. 3, 2005), a division of this court held that imposition of an aggravated range sentence pursuant to § 18–1.3–401(8)(a)(II) satisfied *Blakely* because "defense counsel admitted that defendant had been on parole at the time of the offense ... [and][d]efendant did not object to counsel's statement or dispute the truth of it." *See also People v. Montoya*, 2006 WL 408323, 141 P.3d 916 (Colo.App. No. 03CA0696, Feb. 23, 2006).

Here, defendant did not dispute defense counsel's representation that, absent the stipulated cap, defendant would be subject to aggravated range sentencing because he was on parole. To the contrary, defendant verified that, without the cap, he could be sentenced to more than eight years. Accordingly, we conclude defendant made a binding admission of his parole status for purposes of *Blakely* and *Lopez*. *See People v. Scott*, *supra*. Moreover, we note that, on appeal, defendant does not dispute that he was on parole at the time he committed this offense.

In his petition for rehearing, defendant urges that this case is controlled by *People v. Isaacks*, 133 P.3d 1190 (Colo. 2006), which was announced four days after we announced

this case. In *Isaacks*, the trial court aggravated the defendant's sentence on the basis of his long standing violent conduct including that associated with the offense, his use or abuse of therapists and prescriptive drugs, and a history of abuse of illegal drugs. The court did not use prior convictions or, as here, evidence of a prior conviction. Indeed, we take comfort from *People v. Huber*, 139 P.3d 628 (Colo. 05SC40, April 24, 2006), also announced four days after we issued our opinion in this case, in which the court held that the trial court's consideration of the fact that the defendant was "was on supervision as a sex offender at the time of his offense," a fact he did not dispute, was *Blakely* exempt.

We are also satisfied the trial court's statements at the providency hearing constitute a sufficient finding accepting defendant's admission that he committed this offense while on parole. Although the court's written order denying Crim. P. 35(a) relief indicates the court "did not make additional findings of fact to increase the sentence," it is apparent that the court made this statement based on its incorrect determination that defendant's eight-year sentence fell within the presumptive range. *See People v. Eppens*, 979 P.2d 14 (Colo.1999)(a trial court's ruling may be upheld on any ground supported by the record).

The order is affirmed.

Judge TAUBMAN and Judge LOEB concur.