23CA1615 Peo v Churchwell-Bey 11-27-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1615
Kit Carson County District Court No. 16CR39
Honorable Justin Haenlein, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Isaiah T. Churchwell-Bey,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE SULLIVAN
J. Jones and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

---

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Isaiah T. Churchwell-Bey, Pro Se

¶ 1    Defendant, Isaiah T. Churchwell-Bey, appeals the district court's order denying his postconviction motion. We affirm.

## I.    Background

¶ 2    Churchwell-Bey pleaded guilty to second degree murder and aggravated robbery in exchange for dismissal of two first degree murder charges and a burglary charge. In October 2016, the district court sentenced him to an aggregate term of fifty-two years in the custody of the Department of Corrections, as stipulated in the plea agreement.

¶ 3    In 2017, Churchwell-Bey filed a Crim. P. 35(c) motion (the 2017 motion), which his postconviction counsel supplemented. The postconviction court held an evidentiary hearing and entered an order denying the 2017 motion. A division of this court affirmed the postconviction court's order. *See People v. Churchwell*, (Colo. App. No. 21CA0721, Sept. 22, 2022) (not published pursuant to C.A.R. 35(e)) (*Churchwell I*).

¶ 4    In July 2023, Churchwell-Bey filed the pro se postconviction motion (the 2023 motion) at issue here. As relevant to this appeal, he (1) requested a proportionality review "due to recent laws that have changed" and (2) asked the postconviction court to "adjust" his

1

second degree murder conviction to a third degree murder conviction and correspondingly reduce his sentence to twenty-four years. The district court denied the 2023 motion without a hearing.

## II. Discussion

¶ 5 We construe Churchwell-Bey's first claim as a collateral attack under Crim. P. 35(c). *See People v. Castillo*, 2022 COA 20, ¶ 38 (requests for proportionality review are properly cognizable under Crim. P. 35(c)); *see also People v. Collier*, 151 P.3d 668, 670-71 (Colo. App. 2006) (The substance of a postconviction motion controls how it is designated under Crim. P. 35.). His second claim is more difficult to categorize. It could be construed as falling under either Crim. P. 35(b) or (c). *See Collier*, 151 P.3d at 670-71; *see also People v. Cali*, 2020 CO 20, ¶ 34 (We broadly construe pro se pleadings.). Either way, all of Churchwell-Bey's claims are untimely.

¶ 6 "We review a postconviction court's summary denial of a defendant's postconviction motion for relief de novo." *People v. Chipman*, 2015 COA 142, ¶ 26.

2

## A. Crim. P. 35(c)

¶ 7 Subject to specific exceptions, Crim. P. 35(c) attacks on non-class 1 felony convictions must be filed within three years following the date of the defendant's conviction. *See* § 16-5-402(1), C.R.S. 2024. Section 16-5-402(2)(d) provides one such exception, permitting review of an untimely collateral attack when "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." This exception *may* be triggered by a change in the law that applies retroactively, but Churchwell-Bey cites no relevant change, and we aren't aware of any.[1]

¶ 8 Churchwell-Bey filed the 2023 motion more than six years after his conviction became final, and he doesn't allege any cognizable exception to the time bar. *See* § 16-5-402(2); *see also People v. Clouse*, 74 P.3d 336, 340 (Colo. App. 2002) ("A defendant must allege in a Crim. P. 35 motion facts that, if true, would establish justifiable excuse or excusable neglect for a belated

---

[1] Churchwell-Bey names a case — *People v. Aguilera-Mederos* — but he provides no citation information. We were unable to find any published Colorado appellate case with that name.

filing.").  Thus, we conclude that the Crim. P. 35(c) claims in the 2023 motion are time barred.

¶ 9    Moreover, the Crim. P. 35(c) claims in the 2023 motion are also barred as successive under Crim. P. 35(c)(3)(VII).  That rule provides that, subject to certain exceptions, a district court "shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought."  Crim. P. 35(c)(3)(VII).  Churchwell-Bey could have presented in the 2017 motion both his request for a proportionality review and his collateral attack on his murder conviction and sentence.  *See Churchwell I.*  And as with the time bar, Churchwell-Bey asserts no cognizable exception to this rule.  *See* Crim. P. 35(c)(3)(VII).

### B.    Crim. P. 35(b)

¶ 10   To the extent Churchwell-Bey's resentencing request could be interpreted as a Crim. P. 35(b) claim for a reduction of sentence, it is still untimely.  Under the circumstances here, a postconviction court loses jurisdiction to reduce a sentence under Crim. P. 35(b) unless a claim is filed within 126 days after the sentence was imposed.  *See People v. Fuqua,* 764 P.2d 56, 59 (Colo. 1988)*.*  For

this reason, Churchwell-Bey filed his Crim. P. 35(b) claim six years too late.

## C. Other Contentions

¶ 11   In his opening brief, Churchwell-Bey advances for the first time a number of contentions that he didn't present in the 2023 motion, including, for example, arguments that the prosecution's case relied on hearsay, that he was denied due process, that no court in the United States has jurisdiction over him, and that his conviction violated international law.  Because Churchwell-Bey didn't raise these arguments in the 2023 motion, we decline to address them on appeal.  *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion.").

¶ 12   We likewise don't reach Churchwell-Bey's argument, raised for the first time in his reply brief, that he was improperly convicted of a crime of violence.  *See People v. Fogle*, 116 P.3d 1227, 1230 (Colo. App. 2004) (issues raised for the first time in the reply brief on appeal will not be considered).

### III. Disposition

¶ 13    We affirm the order.

JUDGE J. JONES and JUDGE LIPINSKY concur.