**UNITED STATES of America,**

v.

**Carlos JOHNSON, Defendant.**

**No. CR. 402CR3.**

United States District Court,
E.D. Virginia.
Newport News Division.

Jan. 21, 2005.

William D. Muhr, Assistant United States Attorney, Norfolk, VA, Counsel for U.S.A.

James G. Lawrence # 54165–083, U.S. Penitentiary—Lee, Jonesville, VA, Pro Se Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's submission entitled "Motion and Application to Vacate–Correct or Set–Aside Unlawful Sentence/Conviction Pur-

suant to 28 U.S.C. § 2255 and the Actual/Factual Innocence Exception to the A.E.D.P.A," filed *pro se* on January 7, 2005. Defendant claims the guidelines employed by this court to enhance his sentence were neither listed in his indictment nor ruled upon by any jury. He cites the decisions of *United States v. Booker*, No. 04–104, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005), 2005 U.S. LEXIS 628; *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant's motion is untimely.[1] *See* 28 U.S.C. § 2255 (one-year statute of limitations set forth). The cases cited by defendant do not constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review." *Id.; see Teague v. Lane*, 489 U.S. 288, 305–10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review). In *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir.2001), the Fourth Circuit held that the rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in *Teague.*[2] Likewise, neither *Blakely* nor *Booker* apply retroactively on collateral

---

1. Defendant pled guilty to Counts 4 and 6 of the indictment, charging him with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), respectively. He was sentenced on September 27, 2002, to serve 156 months in prison on Count 4 and 120 months in prison on Court 6, all to be served concurrently. Defendant did not appeal his sentence. Defendant filed a motion pursuant to 28 U.S.C. § 2255 on December 22, 2004, which did not contain his origi-

nal signature. By Order filed January 5, 2005, the motion was returned to defendant for resubmission with an original signature. Defendant returned the motion signed, and it was filed by the Clerk on January 7, 2005.

2. *Teague*'s first exception addresses new rules which place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Teague*, 489 U.S. at 311, 109 S.Ct. 1060. The second exception is reserved for "watershed rules of criminal procedure." *Id.*

review, as these cases address the same Sixth Amendment right to a jury trial as *Apprendi*.[3] There is nothing in either *Blakely* or *Booker* to suggest that the Court meant to overrule the many cases holding that *Apprendi* does not apply retroactively on collateral review. *See, e.g., United States v. Swinton*, 333 F.3d 481 (3d Cir.2003); *Sepulveda v. United States*, 330 F.3d 55 (1st Cir.2003); *United States v. Brown*, 305 F.3d 304 (5th Cir.2002); *Sanders*, 247 F.3d at 151.

Defendant is WARNED that his motion will be dismissed as untimely unless he can demonstrate that the petition was filed within the proper time period. *See Hill v. Braxton*, 277 F.3d 701 (4th Cir.2002). Accordingly, defendant is ORDERED TO SHOW CAUSE, within thirty (30) days from the date of this order, why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to defendant and to the Assistant United States Attorney.

It is so **ORDERED**.

---

**3.** The Court stated in *Booker*, "we reaffirm our holding in *Apprendi:* Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at ———————, 2005 U.S. LEXIS 628 at *45–46.