23CA0556 Peo v Lane 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0556 City and County of Denver District Court No. 01CR2287 Honorable Alex C. Myers, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Anthony Christian Lane, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUDGE LIPINSKY Schutz and Martinez*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Jessica E. Ross, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Zobel Law, LLC, Cassandra Zobel, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 In court of appeals case numbers 23CA0556 and 23CA0554, Anthony Christian Lane appeals the postconviction court’s denial of his single Crim. P. 35(c) petition requesting a second proportionality review of his sentences imposed in two separate cases. Although the court resolved Lane’s petition in one order, Lane filed two appeals — one for each of the underlying criminal cases. ¶ 2 We resolve both of Lane’s appeals by affirming the order. I. Background ¶ 3 In Denver District Court Case No. 01CR2287 (the underlying case for court of appeals case number 23CA0556) (the first criminal case), a jury convicted Lane of aggravated robbery, second degree kidnapping, aggravated motor vehicle theft, and possession of a weapon by a previous offender. (The record shows that Lane also goes by Christian Jordan and Nathan Jordan; Nathan Jordan is his legal name. Because the briefs in this appeal refer to him by Anthony Lane, we use that name in this opinion.) The trial court adjudicated him a habitual criminal based on his prior convictions for robbery and attempted escape and sentenced him to an aggregate term of seventy-two years in the custody of the Department of Corrections (DOC). 
2 ¶ 4 Approximately six months later, a jury convicted Lane of aggravated robbery in another case, Denver District Court Case No. 01CR3805 (the underlying case for court of appeals case number 23CA0554) (the second criminal case). The trial court adjudicated Lane a habitual criminal in the second case based on the same two prior convictions as those on which the trial court in the first criminal case relied to adjudicate him a habitual criminal. After adjudicating Lane a habitual criminal, the trial court in the second criminal case sentenced him to forty-eight years in the custody of the DOC, with that sentence to run consecutively to the sentence in the first criminal case. ¶ 5 Lane directly appealed his convictions in the two cases, and divisions of this court affirmed. People v. Lane, (Colo. App. No. 02CA1488, May 12, 2005) (not published pursuant to C.A.R. 35(f)); People v. Lane, (Colo. App. No. 02CA2208, May 12, 2005) (not published pursuant to C.A.R. 35(f)). The mandates in the direct appeals were issued on September 28, 2005, and November 3, 2005, respectively. ¶ 6 In 2012, the General Assembly amended the Habitual Criminal Act to end the use of certain noncustodial escape offenses 
3 as a triggering offense for adjudicating a person a habitual criminal. Ch. 183, sec. 1, § 18-1.3-801(5), 2012 Colo. Sess. Laws 695-96. The amendment expressly only applied prospectively. Ch. 183, sec. 2, 2012 Colo. Sess. Laws 696 (“The provisions of this act apply to offenses committed on or after the effective date of this act.”). In 2017, the General Assembly extended the 2012 legislation to prohibit the use of escapes from community corrections facilities or halfway houses as predicate offenses for purposes of imposing a habitual sentence. Ch. 374, sec. 1, § 18-1.3-801(5), 2017 Colo. Sess. Laws 1937. ¶ 7 In 2016, Lane filed a single Crim. P. 35(c) motion in both cases. The postconviction court denied the motion as untimely. Lane did not appeal such ruling. ¶ 8 Later in 2016, Lane filed a single motion requesting a proportionality review of his sentences in both cases. In such motion, he argued that his combined 120-year sentence in the two cases “for two non-homicide” convictions was grossly disproportionate compared to the sentences imposed on other individuals who committed similar offenses and because his actions did not result in bodily injury to the victims. The postconviction 
4 court conducted a brief abbreviated proportionality review and concluded “there is no gross disproportionality in [Lane’s] sentence under the Habitual Criminal Statute.” Lane did not appeal this decision. ¶ 9 On November 4, 2019, the supreme court announced Wells-
Yates v. People, 2019 CO 90M, 454 P.3d 191, and two companion cases, Melton v. People, 2019 CO 89, 451 P.3d 415, and People v. McRae, 2019 CO 91, 451 P.3d 835 (collectively, the Wells-Yates cases). The Wells-Yates cases clarified how Colorado courts should conduct proportionality reviews of habitual criminal sentences. ¶ 10 More than three years later, on November 25, 2022, Lane filed a Crim. P. 35(c) petition in which he requested a new proportionality review of the sentences imposed in both cases in light of the holdings in the Wells-Yates cases. (We refer to the filing as a “petition” because that is what Lane’s court-appointed lawyer called it. Crim. P. 35(c) refers to “a motion” but, for purposes of this case, there is no distinction between a “petition” and a “motion.”) He asserted that his petition was exempted from the timeliness and successiveness procedural bars applicable to Crim. P. 35(c) motions 
5 because the Wells-Yates cases announced a new substantive rule of constitutional law that should be applied retroactively. ¶ 11 In a detailed order, the postconviction court denied Lane’s petition as untimely and without merit. Although the court concluded that the Wells-Yates cases announced new rules, it found that the rules were procedural and, therefore, did not apply retroactively. ¶ 12 Lane appeals this order. II. Discussion ¶ 13 Lane contends that the postconviction court erred by concluding that the rule announced in the Wells-Yates cases was procedural rather than substantive. And because he claims the rule was substantive and applies retroactively, he argues that his petition was exempt from the timeliness and successiveness procedural bars applicable to Crim. P. 35(c) cases. We disagree. A. Standard of Review ¶ 14 We review de novo whether a postconviction court erred by denying a Crim. P. 35(c) motion without a hearing. People v. Cali, 2020 CO 20, ¶ 14, 459 P.3d 516, 519. Courts may summarily deny a Crim. P. 35(c) motion without a hearing when the motion, files, 
6 and record establish that a defendant’s allegations are without merit and do not warrant postconviction relief. Crim. P. 35(c)(3)(IV); Ardolino v. People, 69 P.3d 73, 77 (Colo. 2003). ¶ 15 We also review de novo the legal question of whether the Wells-
Yates cases apply retroactively. See People v. Lucy, 2020 CO 68, ¶ 19, 467 P.3d 332, 336. B. Lane’s Petition Was Untimely and Successive ¶ 16 A postconviction court generally must deny any Crim. P. 35(c) claim as successive if the defendant raised the claim and a court resolved it in a prior appeal or postconviction motion, Crim. P. 35(c)(3)(VI), or the defendant raised the claim more than three years after the defendant’s conviction became final, Crim. P. 35(c)(3)(VII); see § 16-5-402(1), C.R.S. 2023. Where, as here, a defendant files a direct appeal, the defendant’s conviction becomes final upon the issuance of the mandate. See Hunsaker v. People, 2021 CO 83, ¶ 36, 500 P.3d 1110, 1118. ¶ 17 Lane requested a proportionality review for the first time in 2016. The court conducted an abbreviated proportionality review and found no inference of gross disproportionality. Lane did not appeal that ruling. His petition is therefore successive. 
7 ¶ 18 Moreover, the mandates in Lane’s direct appeals issued on September 28, 2005, and November 3, 2005, respectively. Thus, Lane’s three-year limitations periods for filing a Crim. P. 35(c) motion expired on September 28, 2008, and November 3, 2008, respectively. But Lane did not file the petition at issue until November 25, 2022 — more than fourteen years too late. His petition is therefore also untimely. C. The Wells-Yates Cases Did Not Announce a New Rule of Constitutional Law ¶ 19 There is an exception for successive postconviction claims that are based on a “new rule of constitutional law that was previously unavailable, if that rule has been applied retroactively by the United States Supreme Court or Colorado appellate courts.” Crim. P. 35(c)(3)(VI)(b). The justifiable excuse or excusable neglect exception may allow review of an otherwise time-barred postconviction claim based on a case announcing a new rule of substantive constitutional law. See People v. Rainer, 2013 COA 51, ¶¶ 24-29, 412 P.3d 520, 525-26, rev’d on other grounds, 2017 CO 50, 394 P.3d 1141; see also § 16-5-402(2)(d). 
8 ¶ 20 New constitutional rules of criminal procedure generally do not apply retroactively to final convictions on collateral review. Edwards v. People, 129 P.3d 977, 983 (Colo. 2006); see also People v. Johnson, 142 P.3d 722, 724 (Colo. 2006). But if the new rule of constitutional law is substantive in nature, the bar against retroactive application does not apply. See Welch v. United States, 578 U.S. 120, 128 (2016); Johnson, 142 P.3d at 724. A new rule of constitutional law is substantive in nature if it “alters the range of conduct or the class of persons that the law punishes.” Johnson, 142 P.3d at 725 (alteration omitted) (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). In contrast, a rule is procedural if it “regulate[s] only the manner of determining the defendant’s culpability.” Id. (quoting Schriro, 542 U.S. at 353). ¶ 21 Lane asserts that the Wells-Yates cases announced a new substantive rule of constitutional law that requires courts to consider legislative changes during a proportionality review even if those changes only apply prospectively. ¶ 22 Several weeks after the postconviction court denied Lane’s petition for a second proportionality review, a division of this court addressed the new rules the Wells-Yates cases announced 
9 regarding proportionality reviews of habitual criminal sentences and whether those new rules are substantive or procedural. See People v. McDonald, 2023 COA 23, ¶¶ 15-24, 531 P.3d 420, 424-26 (cert granted Nov. 14, 2023). The division held that the rules announced in the Wells-Yates cases clarified, in part, that “courts performing proportionality evaluations should consider amendatory legislation even if it applies only prospectively.” Id. at ¶ 22, 531 P.3d at 425. But because Wells-Yates “did not impact who is subject to the Habitual Criminal Act and its heightened penalties” and “only clarified the methods Colorado courts should use when evaluating whether a habitual sentence is constitutionally disproportionate in a given case,” the division concluded that the new rules are procedural, not substantive, and therefore do not apply retroactively. Id. at ¶¶ 21, 24, 531 P.3d at 425-26. ¶ 23 We agree with the division’s reasoning and holding in McDonald and follow it here. In doing so, we conclude that Lane failed to establish an exemption to the timeliness and successiveness procedural bars based on a new substantive rule of constitutional law. 
10 ¶ 24 The postconviction court therefore did not err by finding that the rule announced in the Wells-Yates cases was procedural and denying Lane’s petition without a hearing. D. The People’s Additional Arguments ¶ 25 The People separately argue that we “need not reach the retroactivity question because, even if Wells-Yates did apply to his case, its announcement does not excuse Lane’s three-year delay in filing his renewed request.” The People also assert that Lane is not entitled to a second proportionality review because the postconviction court “conducted essentially the same analysis required under Wells-Yates when it reviewed his request the first time.” ¶ 26 We need not address these separate assertions, however, because we resolved Lane’s argument as successive on the grounds that the rules announced in the Wells-Yates cases do not apply retroactively. III. Disposition ¶ 27 The order is affirmed in both of Lane’s appeals. JUDGE SCHUTZ and JUSTICE MARTINEZ concur.