24CA2277 Peo v Hill 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2277
City and County of Denver District Court No. 06CR4898
Honorable Eric M. Johnson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Luther Hill,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE MEIRINK
J. Jones and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Luther Hill, Pro Se

¶ 1     Defendant, Luther Hill, appeals the postconviction court's order denying his most recent postconviction motion.  We affirm.

## I.     Background

¶ 2     In 2008, a jury found Hill guilty of second degree kidnapping, sexual assault, unlawful sexual contact, and possession of a controlled substance.  In a separate proceeding, the trial court found that the prosecution had proven seven habitual criminal counts, and it sentenced Hill to an aggregate term of 174 years to life in the custody of the Department of Corrections.

¶ 3     On direct appeal, a division of this court affirmed the judgment of conviction and sentence.  *See People v. Hill*, (Colo. App. No. 09CA0021, May 9, 2013) (not published pursuant to C.A.R. 35(f)).  The mandate was issued in 2014.

¶ 4     In 2017, Hill filed his first Crim. P. 35(c) motion, raising numerous postconviction claims.  The trial court denied the motion, and a division of this court affirmed.  *See People v. Hill*, (Colo. App. No. 17CA1772, July 25, 2019) (not published pursuant to C.A.R. 35(e)).

¶ 5     In 2024, the United States Supreme Court held in *Erlinger v. United States* that a criminal defendant has the constitutional right

to have a jury determine whether the defendant's prior convictions were committed on different occasions for purposes of a federal habitual criminal statute, the Armed Career Criminal Act (federal ACCA). *See* 602 U.S. 821 (2024); *see also People v. Gregg*, 2025 CO 57, ¶¶ 15-26 (applying *Erlinger* to the pre-2025 version of Colorado's habitual criminal statute).[1]

¶ 6 Later that year, Hill filed the pro se postconviction motion at issue, which he labeled a Crim. P. 35(a) motion "pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and *Erlinger v. United States*." In it, he argued that, based on *Erlinger*, he had the right to have a jury determine whether his prior convictions arose out of separate and distinct criminal episodes under Colorado's habitual criminal statute. And near the end of his motion, he asserted, "As Defendant's habitual criminal charges were tried by a judge and not a jury, the

---

[1] In 2025, the General Assembly amended Colorado's habitual criminal statute to require a jury, rather than the district court, to determine whether the defendant has the alleged previous felony convictions, whether the convictions were separately brought and tried, and whether the convictions arose out of separate and distinct criminal episodes. *See* Ch. 344, sec. 1, § 18-1.3-803(1), 2025 Colo. Sess. Laws 1866.

2

convictions and sentences which resulted therefrom were obtained in violation of the United States Constitution, the sentences are therefore not authorized by law, are in fact illegal sentences, and must therefore be vac[a]ted."

¶ 7 The postconviction court denied the motion without a hearing, concluding, among other things, that Hill's sentences were authorized by law under Crim. P. 35(a) and *Erlinger* does not apply retroactively on collateral review.

## II. Analysis

¶ 8 We first address the foundational issue of whether Hill's postconviction claim is properly construed as a Crim. P. 35(a) claim or a Crim. P. 35(c) claim.

¶ 9 Hill contends that his sentence is "illegal" under Crim. P. 35(a). However, a sentence is "not authorized by law," in other words illegal, under Crim. P. 35(a) "if any of the sentence's components fail to comply with the *sentencing statutes*." *People v. Baker*, 2019 CO 97M, ¶ 19 (emphasis added); *see also People v. Bice*, 2023 COA 98, ¶ 12 ("A sentence is illegal, or 'not authorized by law,' when it is 'inconsistent with the sentencing scheme established by the legislature.'" (citation omitted)).

¶ 10    But the *Erlinger* holding was grounded in a criminal defendant's rights under the Fifth and Sixth Amendments of the United States Constitution. *See* 602 U.S. at 825. And indeed, as Hill claimed in his postconviction motion, the issue he presents on appeal is "[w]hether [his] Fifth and Sixth Amendment rights were violated when he was subject to an increased maximum sentence based on the trial court's finding that his past offenses were committed on separate occasions."

¶ 11    Hill is raising a constitutional claim, not an illegal sentence claim. And "a claim that [a] sentence is unconstitutional . . . properly falls under Rule 35(c)." *Lucero v. People*, 2017 CO 49, ¶ 26 (also stating that the party presentation principle "does not prevent a court from properly characterizing an issue that has been improperly characterized by a party."); *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) ("The substance of a postconviction motion controls whether it is designated as a Crim. P. 35(a) or 35(c) motion."). Therefore, the postconviction motion at issue was a Crim. P. 35(c) motion, not a Crim. P. 35(a) motion.

¶ 12    We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14;

*see also People v. Cooper*, 2023 COA 113, ¶ 7 (reviewing de novo whether a case applies retroactively on collateral review). We may affirm the court's denial of a Crim. P. 35(c) motion on any ground supported by the record. *See People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006).

¶ 13 Given that Hill's motion is a Crim. P. 35(c) motion, the rule barring successive Crim. P. 35(c) motions and the statute and rule barring untimely Crim. P. 35(c) motions apply. Unless an enumerated exception applies, Hill's postconviction motion was successive because he could have raised it in his first Crim. P. 35(c) motion filed in 2017, as we explain below regarding Hill's argument that *Erlinger* simply extended the rule from *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* Crim. P. 35(c)(3)(VII). And unless an enumerated exception applies, Hill's postconviction motion was time barred because he filed it in 2024, well beyond the three-year deadline in 2017 from when the mandate was issued in 2014. *See* § 16-5-402(1), (1.5), C.R.S. 2025; Crim. P. 35(c)(3)(I); *Hunsaker v. People*, 2021 CO 83, ¶ 36; *Aarness*, 150 P.3d at 1277.

¶ 14 That brings us to the issue of whether any such exception applies here to the rule barring successive Crim. P. 35(c) motions

and the statute and rule barring untimely Crim. P. 35(c) motions. Hill did not specifically allege in his postconviction motion that any such exception applies (instead, he erroneously asserted that he was raising an "illegal sentence" claim under Crim. P. 35(a)). However, in the motion, Hill did request that the postconviction court "accept and consider this motion based on the recency of the Supreme Court's opinion" in *Erlinger*.

¶ 15    Because we liberally construe a pro se litigant's pleadings, *see Cali*, ¶ 34, we will construe Hill's request as a sufficient allegation that the exception to successiveness in Crim. P. 35(c)(3)(VII)(c) applies here; namely, that his claim is "based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review." That exception can also qualify as an exception to the time bar in section 16-5-402(1) — that "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d); *see People v. Rainer*, 2013 COA 51, ¶ 28 ("A reviewing court has the discretion to address the merits of an untimely motion for postconviction relief if the motion is premised on newly arising authority of constitutional

magnitude" that applies retroactively to cases on collateral review."), *rev'd on other grounds*, 2017 CO 50. Hill argues, without explanation, that "retroactivity is immaterial," but if it is, then Hill doesn't meet any exception to the rule barring successive Crim. P. 35(c) motions and the statute and rule barring untimely Crim. P. 35(c) motions.

¶ 16 Hill argues that *Erlinger* doesn't need to be retroactive for him to obtain relief on his Crim. P. 35(c) claim because *Erlinger* simply extended the rule from *Apprendi*, which stands for the proposition that only a jury may find facts that increase "the prescribed range of penalties to which a criminal defendant is exposed." 530 U.S. at 490. Hill argues that he should obtain relief on his Crim. P. 35(c) claim based solely on *Apprendi*. If he is correct, however, that means he should have raised this claim based on *Apprendi* in his first Crim. P. 35(c) motion filed in 2017. He failed to do so. Such a claim would therefore be barred as successive. *See* Crim. P. 35(c)(3)(VII).

¶ 17 That brings us to the question of whether *Erlinger* applies retroactively to cases on collateral review (in other words, whether *Erlinger* applies retroactively after the judgment has become final,

7

which in this case occurred when the mandate was issued from Hill's direct appeal, *see Hunsaker*, ¶ 36).  A division of this court recently answered that question in *People v. Medina*, 2026 COA 36.  After thoroughly analyzing the issue, the division held that the rule announced in *Erlinger* does not apply retroactively on collateral review.  *Id.* at ¶ 37.

¶ 18    For the reasons explained below, we conclude that *Medina*'s holding is correct, and we follow it here.  New constitutional rules of criminal *procedure* generally do *not* apply retroactively to cases on collateral review.  *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004); *Edwards v. People*, 129 P.3d 977, 980 (Colo. 2006).  "[R]ules that regulate only the *manner of determining* the defendant's culpability are procedural."  *Schriro*, 542 U.S. at 353.  And "[r]ules that allocate decisionmaking authority" between a judge and a jury "are prototypical procedural rules."  *Id.*

¶ 19    The question in *Erlinger* — whether a criminal defendant has the constitutional right to have a jury, rather than a judge, determine whether the defendant's prior convictions were committed on different occasions — is procedural because it pertains only to the *manner* of adjudicating habitual criminal

8

charges, specifically, whether a judge or a jury should adjudicate them. *See Medina*, ¶ 33; *see also Schriro*, 542 U.S. at 355-58 (holding that a rule requiring a jury, rather than a judge, to find an aggravating circumstance necessary for imposition of the death penalty is procedural); *People v. Johnson*, 142 P.3d 722, 724-25 (Colo. 2006) (holding that the rule from *Blakely v. Washington*, 542 U.S. 296 (2004), is procedural).

¶ 20      There is an "extremely narrow" exception to the rule precluding retroactive application of procedural rules on collateral review: a "watershed rule of criminal procedure . . . without which the likelihood of an accurate conviction is *seriously* diminished." *Schriro*, 542 U.S. at 352 (citation omitted). We will assume, without deciding, that the exception continues to apply under Colorado law. *See Medina*, ¶ 23 n.4 (noting that the Colorado Supreme Court has not determined whether the exception continues to apply in Colorado state courts, despite the fact that federal courts no longer recognize the exception).

¶ 21      However, as explained in *Medina*, ¶ 35, the United States Supreme Court and Colorado Supreme Court have both held that the watershed exception did not apply in cases involving the

allocation of decision-making authority between a judge and a jury. *See Schriro*, 542 U.S. at 355-58; *Johnson*, 142 P.3d at 726-28. Like the division in *Medina*, ¶ 36, we conclude that the rule from *Erlinger*, which also involves the allocation of decision-making authority between a judge and a jury, does not fall within the watershed exception. So, like *Medina*, ¶ 37, we hold that the *Erlinger* rule doesn't apply retroactively to cases on collateral review.

¶ 22    Hill's reliance on *Welch v. United States*, 578 U.S. 120 (2016), and *Johnson v. United States*, 576 U.S. 591 (2015), is misplaced. In *Johnson v. United States*, the United States Supreme Court held that the phrase "violent felonies" in the federal ACCA to refer to the types of convictions that qualify as prior convictions was unconstitutionally vague. *See* 578 U.S. at 593-606. And in *Welch*, the United States Supreme Court held that its decision in *Johnson* announced a substantive rule that applies retroactively to cases on collateral review because *Johnson* changed the "substantive reach" of the federal ACCA by "altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Welch*, 578 U.S. at 129 (quoting *Schriro*, 542 U.S. at 353).

¶ 23    Although *Johnson v. United States* and *Erlinger* pertain to the federal ACCA, they're distinguishable from each other because the former announced a substantive rule and the latter announced a procedural rule.  The meaning of the phrase "violent felonies" — the issue in *Johnson v. United States* — was substantive because it affected *what* and *who* was punishable under the ACCA.  In contrast, the question in *Erlinger* was purely procedural and addressed *how* a habitual criminal case needs to be tried in Colorado courts.

¶ 24    Because the *Erlinger* rule doesn't apply retroactively to cases on collateral review, the exception to the rule barring successive Crim. P. 35(c)(3)(VII)(c) motions doesn't apply to Hill's postconviction motion.  The postconviction motion is barred as successive, and it is also time barred.

### III.    Disposition

¶ 25    The order is affirmed.

JUDGE J. JONES and JUDGE LUM concur.